## S01A0970. WILLIAMS v. THE STATE.
(552 SE2d 814)

THOMPSON, Justice.

Defendant Trammel Williams was convicted of the malice murder of Charlie Dodson, and separate counts of aggravated assault and theft by taking.[1] He appeals, asserting the trial court's charge eviscerated his justification defense. We find no error and affirm.

Viewing the evidence in a light to uphold the verdict, we find the following: On June 5, 1997, Leroy Smith and Cedric Smith stopped at a restaurant where they encountered Charlie Dodson and Williams. The Smiths offered Dodson and Williams a ride.

Cedric Smith drove, and Leroy Smith sat in the front seat. Dodson sat in the back behind Cedric, and Williams sat in the back

---

[1] The crimes occurred on June 5, 1997, and Williams was arrested on August 4, 1997. Williams was indicted on six different counts: malice murder, two counts of felony murder (with underlying felonies of aggravated assault and possession of a firearm by a convicted felon), one count of aggravated assault, one count of felony theft by taking, and one count of possession of a firearm by a convicted felon. A jury trial commenced on March 9, 1998. Two days later, the jury returned a verdict finding Williams guilty on all counts, except possession of a firearm by a convicted felon which had been nolle prossed. The trial court sentenced Williams to life for malice murder and a total of 40 years to run consecutive to the life sentence for the aggravated assault and theft by taking. On July 30, 1999, the trial court granted Williams permission to file an out-of-time appeal, and Williams filed an out-of-time motion for new trial on August 16, 1999. The new trial motion was denied on January 31, 2001, and Williams filed a notice of appeal on March 1, 2001. The case was docketed in this Court on March 28, 2001, and submitted for a decision on briefs on June 11, 2001.

behind Leroy. Over the noise of the radio, Leroy heard a brief argument and then gunshots; Williams had fired multiple shots which hit both Dodson and Leroy.

Cedric abruptly pulled over to the side of the highway. Cedric and Leroy exited the car and ran away. Williams pulled Dodson out of the car and drove away. He was not captured until August 4, 1997.

Dodson had been shot in the chest; he died immediately thereafter. The gunpowder surrounding the entry wound indicated that the shot was fired while the muzzle of the gun was pressed directly against Dodson's chest. There was no indication that Dodson and Williams had fought over a gun.

A crack pipe and a small bag of cocaine were found on Dodson. A police officer who came upon Cedric and Leroy stated that they were not in possession of any weapons, and none were found in the area.

The vehicle was recovered the following day. There were two bullet holes going from the back to the front through the right front passenger seat. The police found gunpowder on the back of the seat, indicating that the gun was close to the back seat when fired.

1. The evidence is sufficient to permit a rational trier of fact to find Williams guilty beyond a reasonable doubt of malice murder and theft by taking. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court charged the jury on the defense of justification, but additionally charged the jury on OCGA § 16-3-21 (b) (2) stating, "[a] person is not justified in using force . . . if [that person] . . . [i]s attempting to commit, committing, or fleeing after the commission or attempted commission of a felony." Pursuant to a request by both the State and defense, the trial court then recharged the jury that "the defense of justification applies to each of the counts alleged in this indictment except that charge dealing with theft by taking."

Williams asserts that the effect of the trial court's charge was to eliminate his justification defense. In this regard, Williams asserts that the instruction ran afoul of *Heard v. State*, 261 Ga. 262, 263 (3) (403 SE2d 438) (1991). In *Heard*, this Court held that justification can be a defense to felony murder in some situations, notwithstanding the limitations of OCGA § 16-3-21 (b) (2). However, *Heard* did not abolish OCGA § 16-3-21 (b) (2) altogether; rather, *Heard* made it clear that "that section applies where it makes sense to do so, for example, to a burglar or robber who kills someone while fleeing." *Heard*, supra at 263. The trial court's charge did not conflict with *Heard*, nor did it eliminate Williams' justification defense, because the trial court clearly and correctly specified the counts to which OCGA § 16-3-21 (b) (2) would, and would not, apply.

Williams also asserts he was deprived of a justification defense if the jury believed Williams killed Dodson in the course of a drug deal

because, under a plain reading of OCGA § 16-3-21 (b) (2), a person would not be justified in using force during the commission of a drug transaction. See *Heard*, supra at 263, fn. 3. We cannot accept this assertion because the State did not allege, nor did it seek to prove, that Williams killed Dodson while they were dealing with drugs. Besides, as noted above, the trial court properly instructed the jury as to the applicability of OCGA § 16-3-21 (b) (2) with respect to the charged crimes.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001 —
RECONSIDERATION DENIED OCTOBER 22, 2001.

*Lynn M. Kleinrock*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Robert M. Coker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.