## A02A0288. COLBERT v. THE STATE.

(564 SE2d 787)

MILLER, Judge.

Calvin Tyrone Colbert appeals from his conviction for attempted child molestation, contending that the evidence at trial was insufficient to sustain his conviction. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that T. J., a 14-year-old child, was at home alone with Colbert. Colbert took T. J. to a bedroom in the house where he undressed her and undressed himself. Colbert then got into bed with T. J., but before anything further happened between them, T. J.'s father came home. Still naked, Colbert ran out of the house while carrying his clothes, followed by T. J.'s enraged father.

The jury found Colbert guilty of attempted child molestation, and he now appeals. In his sole enumeration of error, Colbert contends that the evidence was insufficient to sustain his conviction.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Id.; see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A person would be guilty of criminal attempt to commit child molestation when, with intent to commit the crime, he performs any act that constitutes a substantial step toward committing the offense. See OCGA § 16-4-1. In this case, Colbert would have to perform an act that constituted a substantial step toward doing "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or [himself]." OCGA § 16-6-4 (a). In the event that Colbert actually completed the offense of child molestation, the jury would still be authorized to find him guilty of criminal attempt. OCGA § 16-4-2.

The evidence revealed that Colbert undressed himself and T. J. and climbed into bed with her while naked. Nothing further transpired due to the arrival of T. J.'s father and Colbert's hasty exit from the house. The jury was authorized to conclude that Colbert had, at the very least, taken a substantial step toward committing child molestation. See OCGA §§ 16-4-1; 16-6-4 (a). Indeed, the evidence was sufficient to sustain a conviction for the completed crime of child molestation and not only criminal attempt to commit child molestation. See *Thompson v. State*, 187 Ga. App. 563-564 (2) (370 SE2d 819) (1988). We discern no error here.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED APRIL 29, 2002.

*Frank M. Wood*, for appellant.

*Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.