## S02A1869. BELL v. THE STATE.
### (576 SE2d 876)

CARLEY, Justice.

After Willie Fred Bell was found guilty of malice murder, aggravated assault, and theft of a motor vehicle, the trial court sentenced him to life imprisonment for the murder and to terms of years for the remaining counts. Bell filed a timely notice of appeal to the Court of Appeals, which transferred the case to this Court.[1]

1. Construed in support of the verdict, the evidence shows that Arthur Brown, Jr. and Germaine Williams got into Brown's car to go to Pelham, Georgia. Brown was driving, and Williams was in the front passenger seat. As they were leaving, Bell flagged them down to catch a ride to Camilla and sat in the back passenger seat. On the way, Bell reached around Williams and cut his throat. When Williams leaned over, Bell stabbed him twice in the back. Williams exited the still-moving vehicle and ran. He heard Brown yelling as the car stopped in the road. Williams flagged down a deputy in a sheriff's car and later received medical attention for his wounds. When the police arrived at the scene, Brown was lying in the ditch with several stab wounds, three of which caused his death. The police went to Bell's residence and found boxer shorts in his room and muddy clothing in a culvert, both of which had Brown's blood on them. The car was found with blood on the inside and outside, near a landfill three miles from the crime scene. The evidence was sufficient to allow a rational trier of fact to find Bell guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williams v. State*, 274 Ga. 371, 372

---

[1] The crimes occurred on October 27, 2001. The grand jury returned a true bill on January 3, 2002. The jury found Appellant guilty on April 17, 2002 and, on the same day, the trial court entered the judgments of conviction and sentences. Bell filed a notice of appeal on May 3, 2002, and the Court of Appeals transferred the case on August 20, 2002. The case was docketed in this Court on August 21, 2002 and submitted for decision on October 14, 2002.

(1) (552 SE2d 814) (2001).

2. Bell contends that the trial court erred in excusing for cause a prospective juror who was acquainted with defense counsel, but who stated that he could base his verdict solely on the evidence and the law. The decision as to whether to discharge a prospective juror on the ground of bias or prejudice is within the discretion of the trial court. *Perry v. State*, 264 Ga. 524, 525 (2) (448 SE2d 444) (1994). This Court's deference to the trial court's decision encompasses its "resolution of any equivocations and conflicts in the prospective jurors' responses on voir dire. [Cits.]" *Greene v. State*, 268 Ga. 47, 49 (485 SE2d 741) (1997). The prospective juror in this case stated that, given his employment with a criminal defense firm, he thought that it would be impossible for him to sit in the jury box and give the State a fair hearing. Such a response "clearly establish[ed] a leaning or bias on the part of the juror which would make him subject to be excused for cause, and the trial court did not abuse its discretion in excusing him." *Perry v. State*, supra at 525 (2). Moreover,

> a defendant has no vested interest in a particular juror but rather is entitled only to a legal and impartial jury; thus, the allowing of a challenge for cause [for a reason which is not constitutionally impermissible], even if erroneous, affords no ground of complaint if a competent and unbiased jury is selected. [Cit.]. . . . [T]here has been no showing that the jury that did serve was incompetent and biased.

*Perry v. State*, supra at 525 (2).

3. Bell enumerates as error the trial court's refusal to charge the jury on voluntary manslaughter. However, he denied stabbing either of the victims or ever having a weapon. Instead, he testified that he held onto Brown's body and used it as a shield against Williams' unprovoked attack. Although the State's evidence supported a finding that Bell was guilty of murder, and his denial that he stabbed Brown would have authorized the jury to find him not guilty of any criminal offense, there was no evidence that he stabbed Brown "as the result of passion arising from reasonable provocation. Thus, a charge on voluntary manslaughter was not authorized. [Cit.]" *Dewberry v. State*, 271 Ga. 624, 626 (2) (523 SE2d 26) (1999). See also *Nance v. State*, 272 Ga. 217, 221 (3) (526 SE2d 560) (2000); *Stewart v. State*, 263 Ga. 843, 846 (5) (440 SE2d 452) (1994), overruled on other grounds, *Wall v. State*, 269 Ga. 506, 508-509 (2) (500 SE2d 904) (1998).

4. The theft count of the indictment charged, in relevant part, that Bell unlawfully took a "1999 Chevrolet Cavalier, the property of" Brown and his mother. Brown's mother testified that she was part

owner of the car, and Williams testified that the vehicle was Brown's. Bell contends that the State introduced no probative evidence that Brown had an ownership interest in the car and, thus, that there was insufficient evidence for a rational trier of fact to find Bell guilty beyond a reasonable doubt of theft by taking. Even if we assume, for purposes of this appeal only, that there was no probative evidence of Brown's ownership interest, there was no fatal variance between the allegations of the indictment and the proof at trial. " "'It is well established that those who steal will not be permitted to raise 'nice and delicate questions' as to the title of that which is stolen." [Cit.]' [Cit.]" *Bigby v. State*, 184 Ga. App. 94, 96 (5) (360 SE2d 751) (1987). " 'So far as the thief is concerned, he cannot question the title of the apparent owner.' [Cits.]" *Hall v. State*, 132 Ga. App. 612 (208 SE2d 621) (1974). Furthermore, a variance between joint ownership "as alleged and sole ownership as proven is of no legal consequence. The indictment was sufficient to apprise the defendant of the nature of the offense for which he was to be tried so that he could defend against it." *Hammond v. State*, 225 Ga. 545, 546 (1) (a) (170 SE2d 226) (1969).

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 10, 2003.

*Robert R. McLendon IV*, for appellant.

*J. Brown Moseley, District Attorney, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General*, for appellee.