S07A0461. HALL v. WHEELING.
(646 SE2d 236)

MELTON, Justice.

In an unpublished opinion, the Court of Appeals affirmed Lloyd Warren Wheeling's convictions for aggravated child molestation and child molestation. *Wheeling v. State* (Case No. A01A1736, decided May 1, 2001). In May 2006, the habeas court granted relief to Wheeling, ruling that an erroneous jury instruction violated Wheeling's due process rights by allowing the jury to find him guilty of committing aggravated child molestation in a manner not alleged in the indictment; and that Wheeling's trial counsel rendered ineffective assistance by, among other things, failing to object to the jury charge.[1] Warden Hall appeals. See OCGA § 9-14-52 (c). We affirm.

1. The jury charge at issue in this case included the entire statutory definition of aggravated child molestation, stating that "[a] person commits the offense of aggravated child molestation when that person commits an offense of child molestation that physically injures the child or involves an act of sodomy." See also OCGA § 16-6-4 (c). The indictment, however, only charged Wheeling with committing aggravated child molestation through acts of sodomy; not by causing physical injury to the victims. This Court has held that

> if a jury charge recites the entire statutory definition of a crime and the indictment does not, the deviation may violate due process unless a limiting instruction is given. Without the remedial instruction, the conviction is defective because there is a reasonable possibility that the jury convicted the defendant of the commission of a crime in a manner not charged in the indictment.

---

[1] The same counsel represented Wheeling at trial and on appeal.

(Punctuation and footnotes omitted.) *Dukes v. State*, 265 Ga. 422, 423 (457 SE2d 556) (1995). Here, the State presented evidence at trial that Wheeling had molested the victims in a manner that physically injured them. Specifically, one of the victims told her foster mother that Wheeling hurt her when he molested her by frequently touching her bottom; and one of the victims informed a DFACS worker that Wheeling hurt her when he molested her by touching her genitals. See *Skillern v. State*, 240 Ga. App. 34 (2) (521 SE2d 844) (1999). Despite this evidence, the trial court did not give a limiting instruction to ensure that the jury would only find Wheeling guilty of aggravated child molestation in the specific manner charged in the indictment. Accordingly, "[Wheeling's] due process right to notice of the charges brought against him was violated when he was tried on a[n] [aggravated child molestation] charge that was not alleged in the indictment." *Dukes*, supra, 265 Ga. at 424; *Skillern*, supra, 240 Ga. App. at 36 (2). It follows that trial counsel's failure to object to this erroneous jury instruction amounted to ineffective assistance. See *Tillman v. Massey*, 281 Ga. 291 (2) (637 SE2d 720) (2006). The habeas court therefore did not err in granting relief to Wheeling on these grounds, and we affirm this portion of the habeas court's order.[2]

2. Because we conclude that the erroneous jury charge and counsel's ineffectiveness so prejudiced Wheeling as to require a new trial, we need not address warden Hall's remaining contentions that the habeas court erred in finding Wheeling's counsel ineffective in other respects. *Terry v. Jenkins*, 280 Ga. 341 (3) (627 SE2d 7) (2006).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2007.

*Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellant.

*Pate & Brody, Page A. Pate*, for appellee.

---

[2] Because Wheeling has shown the requisite cause and prejudice from his trial counsel's failure to object to the erroneous charge or raise the issue on appeal, Wheeling's jury charge claim was not procedurally barred by OCGA § 9-14-48 (d). *Valenzuela v. Newsome*, 253 Ga. 793 (4) (325 SE2d 370) (1985).