## A07A1575. DUDLEY v. THE STATE.
(652 SE2d 840)

ADAMS, Judge.

A jury found Adrian Dudley guilty of theft by taking after he drove away with $21,500 received from an informant. On appeal from his conviction, Dudley argues that the trial court erred when it denied his motion for directed verdict, when it charged the jury, and when it limited his cross-examination of the informant. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We review a trial court's denial of a defendant's motion for directed verdict of acquittal under the same standard. *Williams v. State*, 237 Ga. App. 814, 815 (1) (515 SE2d 875) (1999).

So viewed, the record shows that in March 2006, DeKalb County drug enforcement officers set up a controlled buy of cocaine with the help of a confidential informant. Dudley, the informant, and two other men — Travis Morris and George McKnight — were involved in the completion of this transaction.

In June of the same year, the informant called Morris to set up a second purchase of over one kilogram of cocaine for $21,500. The police photocopied the cash, which was supplied by the federal task force, and recorded its serial numbers. On June 8, the informant met an undercover officer at a gas station. Morris then arrived and led the two men to a Wal-Mart parking lot. When Dudley arrived in a green Lincoln Navigator, the informant walked up to it and handed Dudley

a black bag containing the $21,500. Dudley told the informant to wait for a few minutes and then follow him to a nearby shopping center. When Dudley began to drive away, the undercover officer told him to "give me back the money or go and get the kilo of cocaine." Dudley responded that he was going "to get the dope" and sped away. The officer immediately alerted supporting officers that he had been robbed and attempted to follow Dudley, who ran stop signs escaping through a subdivision. Dudley was later arrested carrying a black bag containing the same $21,500, a .45 pistol, and the tag for the Navigator. After his arrest, Dudley told the officer that Morris was supposed to be paid between five and seven thousand dollars for his role in the robbery.

A jury acquitted Dudley of cocaine trafficking, possession and sale, and possession with intent to distribute. Dudley was found guilty and convicted of theft by taking.

1. Dudley first argues that he could not be convicted of theft by taking because the government informant was not an "innocent and legitimate" owner of the money taken and because "there can be no intent to steal contraband." We disagree.

OCGA § 16-8-2 provides that

[a] person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates *any property of another with the intention of depriving him of the property*, regardless of the manner in which the property is taken or appropriated.

(Emphasis supplied.) It avails nothing to question the informant's title to the money. "[T]hose who steal will not be permitted to raise nice and delicate questions as to the title of that which is stolen. . . . So far as the thief is concerned, he cannot question the title of the apparent owner." *Bell v. State*, 276 Ga. 206, 208 (4) (576 SE2d 876) (2003). In light of the participants' testimony, including Dudley's admission that he owed Morris for his role in the robbery, the question whether Dudley had the intent to steal the money he took from the informant was for the jury. *Camero v. State*, 257 Ga. App. 109, 109-111 (1) (570 SE2d 405) (2002) (co-criminals' statements and defendant's admission were sufficient to sustain verdict for theft of more than $500 of the co-criminals' money). The trial court did not err when it denied Dudley's motion for directed verdict.

2. Dudley next argues that the trial court erred when it delivered the pattern jury charge on theft by taking as follows:

A person commits the offense of theft by taking when that person unlawfully takes any property of another with the

intention of depriving the other person of the property regardless of the manner in which the property is taken *or appropriated.*

(Emphasis supplied.) See Council of Superior Court Judges, Suggested Pattern Jury Instructions (4th ed. 2007), Vol. II, § 2.64.20. Dudley insists that the inclusion of the last two words of this charge amounted to the presentation of both taking and appropriation theories to the jury. See *Walker v. State*, 146 Ga. App. 237, 239 (246 SE2d 206) (1978) (distinguishing between statute's final use of "taken" and "appropriated" just as between theft by taking and by appropriation).

Taken as a whole, however, the charge conformed to the indictment and stated the law accurately when it omitted the possibility that Dudley had misappropriated the money after having lawful possession of it. See *Gardner v. State*, 263 Ga. 197, 199 (7) (a) (429 SE2d 657) (1993) (taken as a whole, a given charge was "correct and complete on the principles of law appellant asserts were overlooked"); compare *Dukes v. State*, 265 Ga. 422, 423-424 (457 SE2d 556) (1995) (where indictment charged defendant only with theft by taking, jury charge on both taking and appropriation theories violated due process).

3. We find no merit in Dudley's assertion that the trial court erred when it barred him from impeaching the informant by means of prior convictions in the absence of certified copies of the convictions. See *Fuller v. State*, 278 Ga. 812, 815, n. 9 (607 SE2d 581) (2005).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 10, 2007

*Herbert Shafer, J. Converse Bright,* for appellant.
*Gwendolyn Keyes Fleming, District Attorney, William T. Sakrison, Daniel J. Quinn, Assistant District Attorneys,* for appellee.