A09A0556. MILNER v. THE STATE.

(678 SE2d 563)

SMITH, Presiding Judge.

George Milner was indicted for rape and terroristic threats. A jury acquitted Milner of rape, but found him guilty of terroristic threats. Following the denial of his amended motion for new trial, Milner appeals, contending that the trial court erred in its instructions to the jury and that his trial counsel was ineffective. We agree that the trial court erred in its instructions to the jury, and we therefore reverse.

Construed in favor of the verdict, the evidence revealed that Milner and the victim dated for three months, but that the victim ended the relationship when Milner became too controlling. After the break-up, Milner picked the victim's door locks and entered her home without permission. He also left several threatening messages on her answering machine. The victim testified that Milner threatened to "whip [her] ass" and "bury" her or kill her. The victim testified further that she was afraid Milner would cause her bodily harm.

1. Milner argues that the trial court erred in instructing the jury that it could convict him of committing terroristic threats in a manner not alleged in the indictment.[1] He contends that the instruction authorized the jury to convict him for "any threat to commit *any* violence" rather than for a threat to commit the crime of murder as alleged in the indictment.

> Due process requires that, in criminal cases, jury instructions must be tailored to fit the allegations in the indictment and the evidence admitted at trial. If a jury charge recites the entire definition of a crime and the indictment does not, there is a reasonable probability that the deviation violated the accused's due process rights by resulting in a conviction of a crime committed in a manner not charged in

---

[1] As the State points out, under OCGA § 17-8-58 (b), the failure to object to the jury instruction precludes appellate review of the charge. But here, the jury charge constitutes "plain error which affects substantial rights of the [defendant]." Id.; see *Talton v. State*, 254 Ga. App. 111, 112 (1), n. 2 (561 SE2d 139) (2002) (if probable that jury convicted defendant of offense in manner not averred in indictment, error sufficiently egregious to preclude finding of waiver).

the indictment. Thus, this court has reversed convictions where the indictment specified that the offense was committed one way and the court charged the jury that it could be committed in two ways without giving a limiting instruction.

(Citations, punctuation and footnote omitted.) *Hopkins v. State*, 255 Ga. App. 202, 205 (2) (564 SE2d 805) (2002).

The indictment alleged that Milner "did threaten to commit the crime of murder, a crime of violence, with the purpose of terrorizing [the victim], the person threatened." But the court instructed the jury on the relevant language of OCGA § 16-11-37 (a): "a person commits the offense of terroristic threats when he or she threatens to commit any violence with the purpose of terrorizing another."[2] During deliberations, the jury asked for a recharge on the definition of terroristic threats. The court gave an instruction nearly identical to its initial charge: "A person commits the offense of terroristic threat when he or she threatens to commit any crime of violence with the purpose of terrorizing another."

The court twice instructed the jury that terroristic threats involves "any violence" or "any crime of violence." The evidence presented at trial showed that Milner threatened both to hurt the victim and to "bury" or kill her. It is therefore probable that the jury convicted Milner of threatening the victim with bodily harm.

The State points out that the trial court also instructed the jury that it would be authorized to find Milner guilty if it found from the evidence that he committed "the offenses or any of them charged in the indictment," and further instructed: "if you should find beyond a reasonable doubt that the defendant is guilty of terroristic threats as charged in the indictment, you again would be authorized to return a verdict of guilty." The court, however, did not give a limiting instruction to ensure that the jury would find Milner guilty of terroristic threats in the specific manner charged in the indictment. See *Hall v. Wheeling*, 282 Ga. 86, 87 (1) (646 SE2d 236) (2007). Nor did the court instruct the jury not to consider terroristic threats as having occurred in another manner. See *Chapman v. State*, 273 Ga. 865, 868-869 (2) (548 SE2d 278) (2001). Under these circumstances, without a remedial instruction, it is probable that the jury found Milner guilty of committing the act of terroristic threats in a manner not charged in the indictment, especially here where any confusion was aggravated by the court's recharge to the jury instructing that

---

[2] OCGA § 16-11-37 (a) provides that "[a] person commits the offense of a terroristic threat when he or she threatens to commit any crime of violence ... with the purpose of terrorizing another."

YALE LAW LIBRARY

the crime of terroristic threats involves *any* crime of violence. See, e.g., *Hopkins*, supra, 255 Ga. App. at 205-206 (2).

Milner's right to due process was violated due to a fatal variance between the proof at trial and the indictment. See *Hall*, supra, 282 Ga. at 87 (1). He is therefore entitled to a new trial.

2. In light of our holding in Division 1, Milner's remaining enumeration is rendered moot.

*Judgment reversed. Phipps and Bernes, JJ., concur.*

DECIDED MAY 14, 2009.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.