A09A0971. MACHADO v. THE STATE.
(685 SE2d 428)

PHIPPS, Judge.

Jose Miquel Machado, Jr., was indicted for child molestation and convicted of criminal attempt to commit child molestation. He claims that the evidence was insufficient to support his conviction, the trial court erroneously allowed hearsay testimony and improper bolstering from the victim's mother, the prosecutor engaged in improper cross-examination, the trial court erred in its jury charge, and he received ineffective assistance of counsel. Because we conclude that Machado's claims lack merit or were waived, we affirm.

The evidence showed that on June 10, 2006, 14-year-old A. T. went to her sister's apartment to go swimming. A. T. briefly swam with her sister and Machado, her sister's 24-year-old boyfriend, before her sister returned to the apartment. A. T. and Machado remained at the pool. They later returned to the apartment, A. T. informed Machado that she was going to take a shower, and he indicated that she could do so. When she went into the bathroom, A. T. called her boyfriend on her cellular telephone and maintained the connection while she took a shower. As she was bathing, A. T. saw Machado look through the shower curtain, and she screamed. When she asked what he wanted, he removed his swimming trunks and got into the shower. Machado pulled the shower curtain from her so that

her body was exposed. A. T. backed away from him. Machado asked her if she was a virgin and if she was scared. She repeatedly told him to get out, and he eventually complied.

A. T. then got back on the phone with her boyfriend and told him what had happened. He heard her scream and yell "get out, don't touch me." Shortly thereafter, Machado gave A. T. a ride home. He told her that he had merely been joking with her and told her not to tell anyone about what had happened. But A. T. told her brother, and they informed their mother, who contacted the police.

A. T.'s sister testified that she was not feeling well the day A. T. came over to go swimming, and that she had returned to the apartment from the pool to take a nap before going to work. She was not aware of anything unusual happening until she got off work late that evening. Machado testified and admitted taking off his clothes and getting in the shower with A. T., but said he did it to surprise or scare her, not to get sexually aroused. And he said that as he was driving her home, he told A. T. that he was sorry for the practical joke.

1. Machado contends that the evidence was insufficient to support his conviction for criminal attempt to commit child molestation.

On appeal from a criminal conviction,

> we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[1]

A person commits the offense of child molestation when such person "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[2] "A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime."[3]

Whether Machado's actions were immoral or indecent and done

---

[1] *Martinez v. State*, 278 Ga. App. 500 (629 SE2d 485) (2006) (citations omitted).

[2] OCGA § 16-6-4 (a) (1).

[3] OCGA § 16-4-1.

with the requisite intent were questions for the jury.[4] We conclude that a rational trier of fact could have found Machado guilty of attempted child molestation beyond a reasonable doubt.[5]

2. Machado claims that the trial court erred by allowing hearsay testimony from A. T.'s mother regarding what A. T. had told her about the incident with Machado. He correctly points out that the Child Hearsay Statute, OCGA § 24-3-16,[6] does not apply because A. T. was not under the age of 14 at the time of the incident.[7]

Machado relies on *Baugh v. State*,[8] in which the court noted that a witness's prior consistent statement is admissible at trial "only where (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination."[9] A witness's veracity is "placed in issue so as to permit the introduction of a prior consistent statement only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination."[10]

Pretermitting whether A. T.'s veracity was placed in issue, we conclude that any error in admitting the challenged testimony from her mother was harmless because it is unlikely that it contributed to the guilty verdict.[11]

3. Machado claims that the trial court erred by allowing A. T.'s mother to testify that A. T. was telling the truth, thereby improperly bolstering A. T.'s testimony. Machado's trial counsel failed to object to this testimony as improper bolstering at trial. As a result, any objection on that basis was waived.[12]

---

[4] See *Cornelius v. State*, 213 Ga. App. 766, 768 (1) (445 SE2d 800) (1994); *Chapman v. State*, 170 Ga. App. 779, 780 (1) (318 SE2d 213) (1984); see also *Klausen v. State*, 294 Ga. App. 463, 465 (1) (669 SE2d 460) (2008) (jury could infer from defendant's actions in the child's presence that he acted with the intent to arouse or satisfy his own sexual desires).

[5] See *Colbert v. State*, 255 Ga. App. 182 (564 SE2d 787) (2002); see also *Gibbs v. State*, 256 Ga. App. 559, 560 (568 SE2d 850) (2002) (victim's testimony alone can sustain child molestation conviction).

[6] That statute provides:
A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

[7] See *Darden v. State*, 206 Ga. App. 400, 401 (1) (425 SE2d 409) (1992).

[8] 276 Ga. 736 (585 SE2d 616) (2003).

[9] Id. at 738 (2), quoting *Woodard v. State*, 269 Ga. 317, 320 (2) (496 SE2d 896) (1998).

[10] Id.

[11] *Baugh*, supra at 739; see *Duggan v. State*, 285 Ga. 363, 366-367 (2) (677 SE2d 92) (2009).

[12] See *McGee v. State*, 205 Ga. App. 722, 729 (12) (423 SE2d 666) (1992).

4. Machado contends that the prosecutor was argumentative in cross-examining him, thereby shifting the burden of proof. Because his counsel did not object to this questioning at trial, Machado has waived this claim.[13]

5. Machado claims that the trial court erred in its charge on child molestation because the indictment alleged that he had performed an immoral and indecent act with the intent to arouse and satisfy his sexual desires, whereas the court charged the statutory definition, which includes the intent to arouse or satisfy the sexual desires of either the child or the person. He argues that this charge constructively amended the indictment. Although Machado's counsel did not object to the initial charge on this offense, at the jury's request, the court recharged on child molestation and attempted child molestation, and his counsel objected on this basis at that time.

> A criminal defendant's right to due process may be endangered when . . . an indictment charges the defendant with committing a crime in a specific manner and the trial court's jury instruction defines the crime as an act which may be committed in a manner other than the manner alleged in the indictment. The giving of a jury instruction which deviates from the indictment violates due process where there is evidence to support a conviction on the unalleged manner of committing the crime and the jury is not instructed to limit its consideration to the manner specified in the indictment.[14]

Pretermitting whether the statutory definition of child molestation alleges different methods of committing the crime[15] or whether there is evidence that Machado acted with the intent to arouse or satisfy A. T.'s sexual desires, we find no due process violation. While instructing the jury that a crime can be committed in a manner different from that charged in the indictment can constitute reversible error, "a reversal is not mandated where, as here, the charge as a whole limits the jury's consideration to the specific manner of committing the crime alleged in the indictment."[16] Here, the trial court read the indictment to the jury, instructed the jury that the state had the burden of proving every material allegation in the

---

[13] *Pinckney v. State*, 285 Ga. 458, 459-460 (2) (678 SE2d 480) (2009).

[14] *Harwell v. State*, 270 Ga. 765, 766 (1) (512 SE2d 892) (1999) (citations omitted).

[15] See *Edwards v. State*, 253 Ga. App. 479, 482 (4) (559 SE2d 506) (2002) (the statutory definition of child molestation does not allege different methods of committing the crime); *Buice v. State*, 239 Ga. App. 52, 59 (5) (520 SE2d 258) (1999), aff'd on other grounds, 272 Ga. 323 (528 SE2d 788) (2000).

[16] *Walls v. State*, 283 Ga. App. 560, 562 (3) (642 SE2d 195) (2007) (citation omitted).

indictment beyond a reasonable doubt and sent the indictment out with the jury during its deliberations. These instructions cured any complained of problem with the child molestation charge.[17]

6. Machado claims that the trial court erred by charging the jury on its consideration of three offenses: child molestation, attempted child molestation and indecent exposure. He argues that the trial court's instructions may have led the jury to believe it needed to return a verdict on the indicted offense before it could consider the lesser offenses.

Machado's counsel failed to object to these instructions when specifically asked by the trial court, at the conclusion of the charge, whether there were any objections. Thus, Machado has waived appellate review of this issue.[18] To the extent Machado seeks review under OCGA § 17-8-58 (b),[19] we find no error. The trial court explained that the jury needed to consider all three offenses at the same time and properly explained how the jury should record its verdict.

7. Machado claims that his trial counsel was ineffective for failing to object to bolstering testimony by A. T.'s mother and failing to object during his cross-examination. He raises this claim for the first time on appeal.

An ineffective assistance of trial counsel claim must be raised at the earliest practicable moment, before appeal if the opportunity to do so is available.[20] "[I]f an appellant obtains new counsel prior to appeal, and counsel has the opportunity to raise the issue of ineffectiveness through a motion for new trial but fails to do so, we will not remand the case but will find that appellant has waived his right to raise the issue."[21]

Here, Machado's current counsel appeared in time to file a motion for new trial and an amended motion for new trial, but failed to raise the issue of ineffective assistance of trial counsel. Consequently, Machado's ineffective assistance claim is procedurally

---

[17] See id. at 562-563 (3) (trial court read indictment to jurors verbatim and further instructed them that the state has the burden of proving every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt, thereby limiting jury's consideration to the specific manner of committing the crime alleged in the indictment and curing any problem with the charge); *Holloway v. State*, 278 Ga. App. 709, 714-715 (5) (629 SE2d 447) (2006); cf. *Harwell*, supra at 766 (1), n. 1 (where no limiting instruction is given, verbatim reading of indictment to jury does not cure due process ailment caused by instructing jury on unindicted manner of committing crime charged).

[18] OCGA § 17-8-58 (a), (b).

[19] That subsection provides that appellate review is not precluded if the portion of the jury charge at issue "constitutes plain error which affects substantial rights of the parties."

[20] *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).

[21] *Knowles v. State*, 245 Ga. App. 523, 527 (9) (538 SE2d 175) (2000) (citation omitted).

barred, and his petition to remand the case for a hearing on this claim is denied.[22]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 14, 2009.

*Peter D. Johnson*, for appellant.

*Ashley Wright, District Attorney, Madonna M. Little, Charles R. Sheppard, Assistant District Attorneys*, for appellee.