## A10A0760. MARTIN v. THE STATE.
### (692 SE2d 741)

MILLER, Chief Judge.

A Bibb County jury convicted Lebwana C. Martin of one count of terroristic threats (OCGA § 16-11-37 (a)). Martin filed a motion for a new trial, which the trial court denied. Martin now appeals, arguing that the evidence was insufficient to support his conviction; the trial court's jury instructions violated his due process rights; and the trial court erred in allowing the prosecutor to repeat her opening statement when one of the jurors was tardy. Martin also claims he received ineffective assistance of counsel at trial. Finding sufficient

evidence to support the conviction, no violation of due process, and that Martin failed to establish his ineffective assistance claim, we affirm.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the record shows that on the afternoon of July 16, 2008, Lucretia Hightower and her children visited Lucretia's mother, Barbara Hightower, at Barbara's home. At approximately 7:30 p.m., Lucretia was preparing to leave, and Barbara went outside to put the children's belongings in the car when Martin walked into her driveway, cursing at her and threatening to kill her. Barbara testified that while Martin was standing within approximately ten feet of her, "[h]e said I'm gonna kill you, Bitch. He was pointing his finger at me. Kept doing it." Lucretia, who was outside by this time, overheard Martin's threat. Martin refused to leave until Barbara went inside to call the police. The police apprehended Martin and brought him back to Barbara's house, where both Barbara and Lucretia identified him as the man who had threatened Barbara. At trial, Barbara once again identified Martin as the man who had threatened her and testified that his threat scared her and put her in fear of her life. Lucretia likewise identified Martin in court as the perpetrator.

Barbara testified regarding "prior difficulties" with Martin. After a lawn mower was stolen from her shed, Barbara learned that Martin was trying to sell it in the neighborhood. Barbara confronted Martin, who admitted selling the lawn mower, and she then spoke with Martin's mother. Thereafter, Martin came onto Barbara's property and threatened her several times.

1. Martin contends that the evidence presented at trial was insufficient to support his conviction. We disagree.

> Upon this Court's review of a criminal defendant's challenge to the sufficiency of the evidence supporting a conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Robinson v. State*, 296 Ga. App. 561 (675 SE2d 298) (2009), citing *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

OCGA § 16-11-37 (a) provides, in relevant part: "A person commits the offense of a terroristic threat when he or she threatens to commit any crime of violence . . . with the purpose of terrorizing another[,]" and that "[n]o person shall be convicted under this subsection on the uncorroborated testimony of the party to whom

the threat is communicated." The indictment accused Martin of threatening to commit "a crime of violence, to wit: murder upon the person of Barbara Hightower." Accordingly, the State was required to prove two elements: (1) that Martin threatened to murder Barbara and (2) he did so with the purpose of terrorizing her. *Hall v. State*, 292 Ga. App. 544, 547-548 (2) (664 SE2d 882) (2008); *Nelson v. State*, 277 Ga. App. 92, 97 (1) (c) (625 SE2d 465) (2005). Here, the State presented ample evidence to allow the jury to find these elements beyond a reasonable doubt.

With respect to the first element, Barbara testified that Martin threatened to kill her. Lucretia corroborated her mother's testimony. As to the second element, whether Martin acted with intent to terrorize Barbara was an issue "peculiarly for the finder of fact." (Punctuation and footnote omitted.) *Williams v. State*, 271 Ga. App. 755, 756 (610 SE2d 704) (2005) (jury authorized to conclude that defendant intended to terrorize child when she told child she was going to kill child's mother). "It is often difficult to prove with direct evidence an individual's intent as it existed at the time of the act for which he is being prosecuted. Thus, intent is often proved through the use of circumstantial evidence." (Citation and punctuation omitted.) *Moran v. State*, 293 Ga. App. 279, 283 (2) (b) (666 SE2d 726) (2008). Here, the jury could infer that Martin intended to terrorize Barbara based on all of the circumstances surrounding the incident. Martin appeared to be angry with her for accusing him of stealing her lawn mower and talking to his mother about this issue; he threatened her on previous occasions; he walked up her driveway on the day in question and threatened her and pointed his finger at her; and he refused to leave until she called the police.

Martin claims that the evidence does not support the verdict because Barbara did not call the police on the other occasions when Martin threatened her, thereby demonstrating that she was not actually frightened by his threats on the date in question. It was not incumbent on the State to prove that Martin "actually put fear in [Barbara's] heart" because the crime of terroristic threats "focuses solely on the conduct of the accused. . . ." (Citation and punctuation omitted.) *Hobby v. State*, 298 Ga. App. 52, 53 (1) (679 SE2d 72) (2009). Even were it otherwise, Barbara testified that Martin's threats put her in fear of her life. Further, her testimony indicated that the fact that Martin previously had engaged in a pattern of menacing conduct toward her only heightened her apprehension. The jury was entitled to credit Barbara's testimony.

2. Martin argues that the trial court erred in allowing the prosecutor to repeat her opening statement because one of the selected jury members was tardy. This claim of error has been waived.

After the jury was sworn and the prosecutor had almost completed her opening statement, one of the jurors walked into the courtroom and sat in the jury box. At that point, the trial court realized that one of the individuals sitting in the jury box had not been selected as a juror or alternate and was apparently confused about where she was supposed to be. That individual was dismissed, and the trial court swore in the tardy juror and allowed the prosecutor to repeat her opening statement, after first confirming that neither the prosecutor nor Martin's counsel objected. Having acquiesced in the trial court's decision on how to proceed, Martin cannot challenge it on appeal. *Brown v. State*, 242 Ga. App. 347, 349 (2) (529 SE2d 650) (2000) (acquiescence to ruling of trial court waives right to challenge it on appeal).

3. Martin argues that the trial court violated his due process rights by instructing the jury that "[a] person commits terroristic threats when that person threatens to commit any crime of violence with the purpose of terrorizing another," when the indictment specifically charged him with "threaten[ing] to commit a crime of violence: to wit: murder upon the person of Barbara Hightower." Martin claims that the trial court's charge created a reasonable possibility that the jury would convict him of a crime committed in a manner not charged in the indictment. We disagree.[1]

> A criminal defendant's right to due process may be endangered when . . . an indictment charges the defendant with committing a crime in a specific manner and the trial court's jury instruction defines the crime as an act which may be committed in a manner other than the manner alleged in the indictment. The giving of a jury instruction which deviates from the indictment violates due process where there is evidence to support a conviction on the unalleged manner of committing the crime and the jury is not instructed to limit its consideration to the manner specified in the indictment.

(Citations omitted.) *Harwell v. State*, 270 Ga. 765, 766 (1) (512 SE2d 892) (1999). In this case, the State did not introduce evidence that Martin made threats against Barbara on the date in question other than threats to kill her, and, as such, no reasonable possibility exists that the jury convicted Martin for threatening to commit some other

---

[1] Although Martin's counsel did not object to the complained-of instruction, we are authorized to review the trial court's jury instructions for plain error, such as a due process violation of the type Martin alleges here. See *Milner v. State*, 297 Ga. App. 859, n. 1 (678 SE2d 563) (2009); OCGA § 17-8-58 (b).

unspecified crime of violence. *Morris v. State*, 280 Ga. 179, 180 (2) (626 SE2d 123) (2006) (jury charge tracking aggravated assault statute did not violate defendant's due process rights where State did not introduce evidence that defendant committed aggravated assault in a manner not alleged in indictment).

Even if the record included evidence of other types of threats, Martin's due process claim would fail nonetheless because "a reversal is not mandated where, as here, the charge as a whole limits the jury's consideration to the specific manner of committing the crime alleged in the indictment." (Punctuation and footnote omitted.) *Machado v. State*, 300 Ga. App. 459, 462 (5) (685 SE2d 428) (2009). The trial court instructed the jurors that the indictment, which was read to them at the beginning of the proceedings, and Martin's plea formed the "issue which you have been selected, sworn, and impaneled to try"; the State bore the burden of proving "every material allegation in the indictment and every essential element of the crime charged beyond a reasonable doubt"; and they would be authorized to find the defendant guilty should they "find and believe beyond a reasonable doubt that [Martin] . . . did, on or about July 16, 2008, commit the offense of terroristic threats as alleged in the indictment." The trial court also sent the indictment out with the jury. Considering the jury charge as a whole, the jury would not have been "misled or confused about the charge of terroristic threats in the indictment." *Pierce v. State*, 301 Ga. App. 167, 175 (6) (687 SE2d 185) (2009) (trial court did not commit reversible error by giving similar terroristic threats charge although indictment charged threat of murder); see also *Machado*, supra, 300 Ga. App. at 462-463 (5); *Stephens v. State*, 255 Ga. App. 680, 684 (6) (569 SE2d 250) (2002).[2]

4. Finally, Martin argues that his trial counsel was ineffective in failing to object (a) when the trial court allowed the prosecutor to repeat her opening statement and (b) to the trial court's jury charge defining the offense of terroristic threats. We disagree.

---

[2] *Milner*, supra, in which we held that the jury charge on terroristic threats violated the defendant's due process rights, is distinguishable. The indictment in *Milner* alleged that the defendant threatened to murder the victim, but the evidence showed that the defendant had threatened to hurt *and* kill the victim. Id. at 860. The trial court in *Milner* not only gave an instruction similar to the one here but also recharged the jury that "[a] person commits the offense of terroristic threat when he or she threatens to commit any crime of violence with the purpose of terrorizing another" when the jury asked to hear the definition of the offense again during deliberations. Id. The evidence at trial in this case did not show that Martin threatened a crime of violence besides murder, and the trial court did not recharge the jury in the face of potential juror confusion about the basis for convicting Martin.

> To prevail on a claim of ineffective assistance of trial counsel, [a criminal defendant] must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.

(Citation and punctuation omitted.) *Matthews v. State*, 284 Ga. 819, 821-822 (4) (672 SE2d 633) (2009). On appeal, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

As no reasonable possibility exists that the trial court's instruction on terroristic threats misled the jury (see Division 3, supra), Martin cannot establish that his trial counsel's failure to object to that instruction resulted in prejudice. *Skaggs-Ferrell v. State*, 287 Ga. App. 872, 878 (3) (652 SE2d 891) (2007); see also *Henderson v. State*, 252 Ga. App. 295, 298 (1) (b) (556 SE2d 204) (2001). Further, given that the prosecutor's opening statement was not transcribed and the trial court instructed the jury that opening statements were not evidence, and in light of the strength of the State's evidence, Martin likewise cannot establish that his trial counsel's failure to object to the trial court allowing the prosecutor to repeat her opening statement, even if deficient, was prejudicial. See *Jackson v. State*, 282 Ga. 494, 498 (3) (651 SE2d 702) (2007).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 24, 2010.

*Jonathan P. Waters*, for appellant.
*Howard Z. Simms, District Attorney, Sandra G. Matson, Dorothy V. Hull, Assistant District Attorneys*, for appellee.