**FIRST DIVISION
DOYLE, C. J.
BOGGS and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 10, 2016**

# In the Court of Appeals of Georgia

A15A1927. BOLDEN v. THE STATE.                    PE-039C

PETERSON, Judge.

Corey Bolden appeals from the denial of his motion for a new trial following his convictions for multiple counts, including kidnapping with bodily injury, aggravated assault (family violence), rape, burglary, and cruelty to children in the third degree. He argues that trial counsel was ineffective for failing to object to a jury charge on burglary, and also argues the trial court erred by failing to merge the rape count with one of the aggravated assault counts, and by asking improper and irrelevant questions of a State witness, which placed Bolden's character in evidence. Because the aggravated assault and rape were separate and distinct acts, we hold the trial court's decision not to merge these two counts was proper. We conclude the trial court's questions to the State's witness did not constitute error because the questions

did not express any opinion. Finally, we hold the failure of Bolden's trial counsel to object to the jury instructions on burglary, which expanded the basis for conviction beyond that charged in the indictment, amounted to ineffective assistance of counsel. As such, Bolden is entitled to a new trial on the burglary charges, but we affirm his other convictions.

"On appeal, the evidence must be viewed in the light most favorable to support the verdict, and the appellant no longer enjoys a presumption of innocence." *Culver v. State*, 230 Ga. App. 224, 224 (496 SE2d 292) (1998) (citing *Williams v. State*, 228 Ga. App. 698, 699 (1) (492 SE2d 708) (1997)). So viewed, the evidence shows that Bolden fathered three children with the victim, but that Bolden and the victim were not in an ongoing romantic relationship. One evening, Bolden entered the victim's house through an unlocked back door without permission. Bolden, armed with two knives, attacked the victim in her room, pointing one of the knives in her back and pulling her hair. Bolden removed his clothing and demanded money from the victim, but the victim replied she did not have the money Bolden was seeking. Bolden demanded that the victim remove her clothing, which she initially refused. Bolden then threatened to kill the victim's mother and minor children, who were also in the house. Bolden forced the victim to masturbate him, proceeded to choke the victim,

and demanded oral sex, which he eventually forced the victim to perform, causing her to vomit. The victim escaped to a bathroom, where Bolden again attacked the victim, pulling her hair and throwing her on the bed on her stomach. Bolden proceeded to penetrate the victim both anally and vaginally with his penis. Still armed, Bolden then forced the victim into her vehicle, along with their three children and one of their young cousins. The victim managed to jump out of the vehicle at a stoplight and flag a passing vehicle for help. Bolden continued driving to a relative's house, and upon discovering that she was not home, abandoned the children in the vehicle and left in another. The oldest of the children managed to ask a passing police officer for help, and Bolden was apprehended soon thereafter.

1. Bolden claims that the trial court erred by failing to merge the rape count with one of the aggravated assault counts. We disagree.

In considering whether the aggravated assault and rape counts should be merged, the court first considers whether the same conduct establishes the commission of both offenses. *See Ledford v. State*, 289 Ga. 70, 72 (1) (709 SE2d 239) (2011). Unless the same conduct of the accused establishes the commission of both offenses, the rule prohibiting multiple convictions if one crime is included in the other is not implicated. *Id.* at 71 (1).

3

A person commits the offense of aggravated assault when he assaults "[w]ith intent to murder, to rape, or to rob" or "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury[.]" OCGA § 16-5-21. A jury is authorized to find that a defendant's use of his hands can be considered use of a deadly weapon or object that when used offensively is likely to result in serious bodily injury. *See Mallon v. State*, 253 Ga. App. 51, 53-54 (3) (557 SE2d 409) (2001); *Crider v. State*, 246 Ga. App. 765, 768 (3) (542 SE2d 163) (2000). A person commits the offense of rape when "he has carnal knowledge of a female forcibly and against her will[.]" OCGA § 16-6-1(a)(1) (internal punctuation omitted). "Carnal knowledge in rape occurs when there is any penetration of the female sex organ by the male sex organ." OCGA § 16-6-1(a).

Bolden's choking of the victim served as the basis for the aggravated assault count. This aggravated assault occurred prior to the victim escaping to the bathroom, and well in advance of the rape. He was armed with at least one knife at the time, and threatened to kill the victim, her mother, and their children. The victim vomited, and escaped to the bathroom. Moments later, Bolden committed rape when he came into the bathroom, pulled the victim's hair, threw her on the bed on her stomach, and

4

penetrated her both anally and vaginally with his penis. The act of choking the victim was a "separate and distinct" act of "force and intimidation outside that necessary to accomplish the rape" and resulted in injury to the victim outside of the rape, as the victim had marks on her neck. *Williams v. State*, 295 Ga. App 9, 14 (2) (670 SE2d 828) (2008) (citation omitted). Further, "[b]ecause the two convictions are based on separate acts, the required evidence test of *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006) is inapplicable." *Thomas v. State*, 325 Ga. App. 682, 685 n. 3 (2) (754 SE2d 661) (2014).

Thus, the trial court did not err in failing to merge the convictions for aggravated assault and rape, and the jury was authorized to find Bolden guilty of both rape and aggravated assault under the circumstances.

2. Bolden next asserts that the trial court erred by asking improper and irrelevant questions of a State witness, thereby placing Bolden's character in evidence. Bolden asserts that, during the testimony of the police investigator, the trial court should not have asked whether the witness was referring to the victim or to Bolden's new girlfriend, and should not have inquired into whether Bolden was

5

paying the victim child support. Bolden argues that these questions reflected the court's disapproval of his lifestyle and character.

Although Bolden did not object to this line of questioning at trial and did not include the error among those asserted as the basis for his motion for a new trial, under the version of OCGA § 17-8-57 in effect at the time of trial, we must still reverse if we find error. *See* former OCGA § 17-8-57. *See also Goodrum v. State*, 269 Ga. App. 397, 399-400 (1) (604 SE2d 251) (2004). But a "trial court may propound questions to any witness to develop the truth of the case." *Id.* at 400; *see also Perdue v. State*, 147 Ga. App. 648, 652 (9) (249 SE2d 657) (1978).

Here, the court asked questions of the police investigator to clarify the identity of the person about whom the investigator was testifying, and to clarify the financial relationship between Bolden and the victim. The court did not express or intimate an opinion as to proof or as to guilt, nor was the questioning argumentative. Therefore we find no error here.

3. Bolden's final enumeration asserts that his trial counsel was ineffective for failing to object to the trial court's jury instruction on the burglary counts, arguing that the instruction went beyond the language in the indictment to include an alternate means by which the crimes could have been committed. We agree.

6

In order to prevail on an ineffective assistance of counsel claim, Bolden "must show that trial counsel's performance fell below a reasonable standard of conduct and that there existed a reasonable probability that the outcome of the case would have been different had it not been for counsel's deficient performance." *Scott v. State*, 290 Ga. 883, 889 (7) (725 SE2d 305) (2012) (citing *Strickland v. Washington*, 466 U.S. 668 (104 S. Ct. 2052) (1984)); *see also Concepcion v. State*, 205 Ga. App. 138, 139 (421 SE2d 554) (1992).

Here, the indictment stated that Bolden committed burglary when he "did without authority enter into the residence" of the victim with the intent to commit rape and aggravated assault. But the trial court originally charged the jury that "[a] person commits the offense of burglary when, without authority, that person enters a dwelling house of another or any room or part of it with the intent to commit a felony." The trial court went on to charge that "it is not necessary that the alleged felony actually occur or be accomplished. It is only necessary that the evidence show beyond a reasonable doubt that the accused did, without authority, enter or remain in the building or dwelling place of another with the intent to commit an alleged felony." After commencing deliberations, the jury asked the court to explain the portion of the jury charge including the phrase "or remain in," and, relatedly, the

7

timing by which the defendant must have developed the requisite intent. The trial court then clarified the jury's question, stating "as I understand it, the question from the jury - and if this is not correct you need to get me - is that let's assume for argument sake that we enter a place with one intent and while we're there we formulate another one." The foreman confirmed this was the issue submitted to the court for clarification.

In response, the trial court directed the jury to the indictments with respect to the manner in which the burglaries were to have been accomplished, and stated that the jury was to consider whether Bolden "with or without authority" entered the victim's dwelling "or any room or part of it with the intent to commit a felony."

Bolden asserts on appeal that the trial court erred by including "or remain" in the original jury instructions, and by including in its response to the jury's question the additional language "or any room or part of [the dwelling]," because the burglary indictment was limited to Bolden's *entering* the victim's residence, and that his trial counsel was ineffective for not objecting.

> A criminal defendant's right to due process may be endangered when an indictment charges the defendant with committing a crime in a specific manner and the trial court's jury instruction defines the crime as an act which may be committed in a manner other than the manner alleged in

8

the indictment. The giving of a jury instruction which deviates from the indictment violates due process where there is evidence to support a conviction on the unalleged manner of committing the crime and the jury is not instructed to limit its consideration to the manner specified in the indictment.

*Smith v. State*, 310 Ga. App. 418, 421 (1) (714 SE2d 51) (2011) (citation and internal punctuation omitted). "While instructing the jury that a crime can be committed in a manner different from that charged in the indictment can constitute reversible error, a reversal is not mandated where . . . the charge as a whole limits the jury's consideration to the specific manner of committing the crime alleged in the indictment." *Machado v. State*, 300 Ga. App. 459, 462 (5) (685 SE2d 428) (2009); *see also Dudley v. State*, 287 Ga. App. 794, 796 (2) (652 SE2d 840) (2007) (court considers charge "as a whole" in determining whether the charge conformed to the indictment and stated the law accurately); *Schneider v. State*, 312 Ga. App. 504, 507-508 (2) (718 SE2d 833) (2011).

Here, the trial court referred the jury to the indictment with respect to how the burglary was accomplished and told them to consider whether Bolden was "with or without authority" when he entered the victim's dwelling, thus eliminating the "or remain in" language and correcting the original error through this limiting instruction.

9

*See Lumpkin v. State*, 249 Ga. 834, 836-837 (2) (295 SE2d 86) (1982) (finding no error where the trial court recited the statutory definition of the offense, but then limited the jury's consideration to the specific method of committing the offense "as charged in [the] indictment") (internal punctuation omitted).

However, our precedent makes clear that a re-charge by the court after the jury has indicated confusion on this point must include limiting instructions confining the jury's consideration to the elements of the crime as charged in the indictment. *Compare Smith*, 310 Ga. App. at 422 (1) (finding recharge insufficient where the trial court simply referred the jury to the original charge and the indictment without any further limiting or remedial instruction), *Milner v. State*, 297 Ga. App. 859, 860-61 (1) (678 SE2d 563) (2009) (recharge referred back to indictment, but did not give a limiting instruction to ensure that the jury would find the defendant guilty of the crime as specifically charged in the indictment) *with Wright v. State*, 327 Ga. App. 451, 453 (757 SE2d 890) (2014) (finding lack of jury confusion key in rejecting challenge to trial court's jury instructions). "If there is a reasonable possibility that the jury convicted the defendant of the commission of a crime in a manner not charged in the indictment, then the error is harmful." *Chapman v. State*, 273 Ga. 865, 868 (2) (548 SE2d 278) (2001) (citation and punctuation omitted).

10

Here, the trial court's second set of instructions again expanded the charge beyond the bounds of the indictment by instructing the jury that they could consider whether Bolden entered "any room or part of [the dwelling] with the intent to commit a felony." The evidence presented at trial included testimony that Bolden entered the victim's home, armed with a knife. Once inside the victim's home, the evidence shows that he may have obtained another knife from the victim's kitchen. The jury heard testimony that once Bolden was in her room, he first demanded money from her and promised to leave if she would provide it. After she responded that she did not have it, Bolden proceeded to choke and later rape the victim. And though he disputes the victim's version of events, Bolden himself testified that he entered the victim's home to talk with the victim and asked the victim to give him some money once he was in her room. The jury's question to the trial court suggests that the jury may have been considering whether it could convict Bolden of burglary if he entered the victim's residence without the intent to commit an aggravated assault or rape, but then formulated the requisite intent before entering "any room or part of it[.]"

When the jury expressed its confusion, the trial court should have instructed the jury to limit its consideration to determining whether Bolden was guilty of committing burglary in the specific manner alleged *in the indictments only* - that is,

whether Bolden had the intent to commit aggravated assault and rape before entering the victim's home without authority. *See Smith*, 310 Ga. App. at 422 (1). Instead, "the trial court aggravated the confusion" by simply referring the jury to the indictments, and repeating the portion of the original charge stating that Bolden could be found guilty of burglary if he entered the victim's house or "any room or part of it with the intent to commit a felony" with no additional limiting or remedial instruction. *Id.* Therefore, under the circumstances of this case, the trial court's instructions create a reasonable possibility that the jury convicted Bolden of the commission of a crime in a manner not charged in the indictment.

Because we conclude that the jury charge was error, it follows that trial counsel's failure to object to this erroneous jury instruction fell below an objective standard of reasonableness and prejudiced the defendant to the point that a reasonable probability exists that, but for counsel's deficient performance, the outcome of the trial would have been different, and this amounted to ineffective assistance of counsel. *See Hall v. Wheeling*, 282 Ga. 86, 87 (1) (646 SE2d 236) (2007). Accordingly, we reverse the trial court's denial of Bolden's motion for a new trial with respect to the two burglary counts only.

*Judgment affirmed in part, reversed in part. Doyle, C. J., and Boggs, J. concur.*