## A07A0866. SMITH v. THE STATE.
### (653 SE2d 510)

BERNES, Judge.

We granted Christina Loverette Smith's interlocutory application to review the trial court's decision denying her motion to suppress. On appeal, Smith contends that the evidence was seized during an unlawful detention and that her consent to the search was a product of the unlawful detention. We agree and, therefore, must reverse.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

So viewed, the evidence shows that a special agent of the Altamaha Drug Task Force received an anonymous tip alleging that Smith's co-defendant, Stacy Vincent, had been manufacturing methamphetamine at an identified property and that Vincent was expected to return to the property that day. The tipster provided a description of the property and the vehicle that Vincent would be driving. The special agent related the information to a fellow officer and surveillance was set up near the property's location.

During the surveillance, an officer, who knew Smith personally, recognized her car traveling down the road. The officer had previously received anonymous tips and had also heard "rumors" alleging that Smith was involved in the use and manufacture of methamphetamine. The officers consequently decided to follow Smith.

Smith traveled to the property identified by the tipster as the methamphetamine lab site and parked her car in front of a locked gate. The officers arrived at the location and pulled their car behind Smith's car. Three officers approached Smith as she remained seated inside her vehicle. One of the officers noticed that Smith appeared to be cupping something in her hand and suspected that the unknown object "might" be drugs. When the officer reached Smith's car, he opened the door and asked Smith to "step out." Smith stepped out of the vehicle, and after the officer asked what she was holding in her hand, Smith showed him that she was holding a tooth.

The officers thereafter requested and obtained Smith's consent to search the vehicle. During the search, the officers seized methamphetamine, a set of scales, and a key which opened the locked gate.

Smith contends that the trial court erred in denying her motion to suppress since the evidence was seized during an unlawful detention in violation of the Fourth Amendment of the United States Constitution. We agree.

There are at least three types of police-citizen encounters: verbal communications that involve no coercion or detention and which do not fall within the purview of the Fourth Amendment; brief stops or seizures that must be supported by a reasonable suspicion; and full-scale arrests, that must be supported by probable cause. *Lucas v. State*, 284 Ga. App. 450, 452 (644 SE2d 302) (2007). "A 'seizure' within the meaning of the Fourth Amendment occurs when, in view of all the circumstances surrounding the incident, a reasonable person believes that he [or she] is not free to leave." (Citation omitted.) *In the Interest of M. J. H.*, 239 Ga. App. 894, 895 (522 SE2d 491) (1999).

The state contends that the officers' encounter with Smith was simply a verbal communication, or a "first tier" encounter which involved no coercion or detention. We disagree. While "police officers may approach a citizen, ask for identification, ask him to roll down a window or step out of a car, and freely question him without any articulable suspicion," (citation omitted) *Akins v. State*, 266 Ga. App. 214, 216 (1) (596 SE2d 719) (2004), an encounter "may become a stop or seizure if the officer restrains the citizen's movement by physical force, command, or show of authority." (Citations omitted.) *In the Interest of M. J. H.*, 239 Ga. App. at 895.

Here, the undisputed evidence shows that Smith's movement was physically restrained when the police officer forcibly *opened* her car door. Faced with this situation, a reasonable person would be compelled to conclude that he or she was not free to drive away and to leave. Smith's encounter with the police amounted to a detention, which in order to be lawful, must be supported by reasonable suspicion. See *In the Interest of M. J. H.*, 239 Ga. App. at 895. See also *State v. Lanes*, 287 Ga. App. 311 (651 SE2d 456) (2007).

"Reasonable suspicion exists when an officer has a particularized and objective basis for suspecting that a citizen is or is about to be involved in criminal activity." *In the Interest of M. J. H.*, 239 Ga. App. at 896. The officers in this case had not observed Smith engage in any criminal activity or violate any traffic offenses at the time of the encounter. While there had been prior tips that Smith was engaged in drug activity, those tips had not been corroborated by independent police investigation and there is no evidence in the record which

otherwise reflects the reliability of those tips. Thus, those tips afforded no basis for Smith's detention.[1] *Baker v. State*, 277 Ga. App. 520, 521-523 (1) (627 SE2d 145) (2006); *Moreland v. State*, 204 Ga. App. 218, 219 (418 SE2d 788) (1992). See also *Alabama v. White*, 496 U. S. 325, 329 (110 SC 2412, 110 LE2d 301) (1990). "Although the tip[s] . . . certainly warranted police investigation, further observation and corroboration were required before a forcible stop was authorized." (Citation and punctuation omitted.) *Moreland*, 204 Ga. App. at 219.

It is true that Smith consented to the search, but,

> consent cannot validate a search if the consent is the product of a wrongful detention. Here, [Smith's] consent was a direct product of the preceding illegality. Only a minute or two elapsed between the stop and the search of [Smith] and h[er] car, and no circumstances or events intervened to purge the primary taint of the illegal detention.

(Citations and punctuation omitted.) *Lanes*, 287 Ga. App. at 313. Accordingly, we conclude that the trial court erred in denying Smith's motion to suppress.

*Judgment reversed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 26, 2007.

*Keith B. Harkleroad*, for appellant.
*Richard E. Currie, District Attorney, John A. Rumker, Assistant District Attorney*, for appellee.

---

[1] The tip which prompted the surveillance made no mention whatsoever of Smith. And, the state does not contend that Smith's cupped hand created an articulable suspicion of illegal activity.