A11A1110. FAIRWELL v. THE STATE.
(717 SE2d 332)

PHIPPS, Presiding Judge.

Priscilla Fairwell was convicted of reckless conduct as a lesser included offense of aggravated assault (Count 1), felony obstruction of an officer (Count 2), felony fleeing or attempting to elude a police officer (Count 3), failure to stop upon striking an unattended vehicle (Count 5), and failure to stop at or return to the scene of an accident (Count 6).[1] Fairwell appeals, contending that the trial court gave improper jury instructions, she received ineffective assistance of counsel, the evidence was insufficient to support the verdict on several of the charges, the indictment was defective, and the conviction for fleeing or attempting to elude a police officer was unauthorized. For the reasons that follow, we affirm.

---

[1] Fairwell did not appeal the conviction for reckless conduct (Count 1). She was found not guilty of interference with government property (Count 4).

1. Fairwell claims the evidence was insufficient to convict her of felony fleeing or attempting to elude a police officer, failure to stop upon striking an unattended vehicle, and failure to stop at or return to the scene of an accident. We find the evidence, viewed in the light most favorable to the verdict, was sufficient for a rational trier of fact to find Fairwell guilty beyond a reasonable doubt of these offenses.[2]

The evidence showed that on June 4, 2007, a bicycle-patrol uniformed police officer approached Fairwell in a parking deck to issue her a citation for a tag violation. Fairwell drove away from the officer but later encountered another bicycle-patrol uniformed officer whose badge was displayed. The officer motioned her hand and verbally commanded Fairwell to stop and exit her vehicle. The officer walked in front of Fairwell's vehicle. According to the officer, Fairwell said "F"' the police and that she was not stopping for the police. Thereafter Fairwell drove her vehicle into the officer, who jumped back to the side of the vehicle, and according to the officer, injury resulted to the officer. The injured officer, now intending to arrest Fairwell for striking her, gave her a visible sign to stop by placing her hand on the hood of the car and reaching inside the vehicle to grab the steering wheel, but Fairwell "just floored it," striking two vehicles and the officer's marked bicycle. A third uniformed officer, driving a marked police car, activated the siren and lights on his vehicle and followed Fairwell, but Fairwell refused to stop. She was later apprehended.

(a) *Fleeing or attempting to elude a police officer.* Count 3 of the indictment charged that Fairwell "did, while fleeing a pursuing police officer, after being given a visual signal to bring the vehicle to a stop, in an attempt to escape arrest for Aggravated Assault, strike another vehicle. . . ." Fairwell argues that she did not know she had struck anyone with her vehicle and that therefore there was no evidence that she knew police officers were attempting to arrest her for aggravated assault.

The felony offense of fleeing or attempting to elude a police officer is defined in OCGA § 40-6-395 (a) and (b) (5) (A). OCGA § 40-6-395 (a) provides:

> It shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop. The signal given by the police officer may be by hand, voice, emergency light, or

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

siren. The officer giving such signal shall be in uniform prominently displaying his or her badge of office, and his or her vehicle shall be appropriately marked showing it to be an official police vehicle.

OCGA § 40-6-395 (b) (5) (A) pertinently provides:

Any person violating the provisions of subsection (a) of this Code section who, while fleeing or attempting to elude a pursuing police vehicle or police officer in an attempt to escape arrest for any offense, other than a violation of this chapter not expressly provided for in this paragraph: . . . (ii) Strikes or collides with another vehicle or a pedestrian . . . shall be guilty of a felony. . . .

A criminal intent is necessary to sustain a finding of guilt,[3] and a person is not presumed to act with criminal intent.[4] However, the factfinder may consider the circumstances surrounding the act for which the accused is being prosecuted in determining whether the requisite intent is manifested by the circumstances.[5]

The evidence was sufficient for a jury to find that Fairwell knew she had struck the police officer because Fairwell, having fled from one police officer and then after encountering another officer in front of her vehicle ordering her to stop, indicated her intentions by stating that she would not stop for the police, cursing the police, and driving forward, striking the officer and causing the officer to jump out of the way. After the officer placed her hand on the hood and reached inside to grab the steering wheel, Fairwell fled, striking two vehicles. The evidence was sufficient to support the conviction for felony fleeing or attempting to elude a police officer.[6]

(b) *Failure to stop upon striking an unattended vehicle.* Count 5 of the indictment charged Fairwell with colliding with an unattended vehicle and failing to locate and notify the operator or owner of the unattended vehicle of her (Fairwell's) name and address. Fairwell contends there was only "slight" damage to the unattended vehicle, and that being so, there was no evidence she knew she had left the scene after striking the vehicle.

Fairwell's reliance upon *Lawrence v. State*[7] is misplaced because

---

[3] *Burden v. State*, 187 Ga. App. 778, 779 (1) (371 SE2d 410) (1988) (citing OCGA § 16-2-2).

[4] Id. (citing OCGA § 16-2-6).

[5] *Riddle v. State*, 145 Ga. App. 328, 330-331 (1) (243 SE2d 607) (1978), overruled on other grounds, *Adsitt v. State*, 248 Ga. 237 (6) (282 SE2d 305) (1981); OCGA § 16-2-6.

[6] *Adams v. State*, 293 Ga. App. 377, 380-381 (2) (667 SE2d 186) (2008).

[7] 257 Ga. App. 592, 593-594 (571 SE2d 812) (2002).

in *Lawrence*, unlike in this case, after a collision the defendant stopped to assess any damage and drove away after determining there was none. Indeed, in *Lawrence*, there was no proof the collision caused "even the slightest dent, ding, or smudge" on the victim's car.[8] Consequently, that conviction for misdemeanor hit and run was reversed.[9]

At trial, the occupant of one of the vehicles Fairwell struck testified that "there was no room for [Fairwell] to drive through." The witness stated that she parked her vehicle in a position to block Fairwell from exiting the parking deck, but that after a physical altercation occurred between Fairwell and the injured police officer, Fairwell "just floored it . . . and went through my truck and this other [unattended] car and she just kept pushing her way through." A photograph of the unattended vehicle introduced at trial showed a dent and paint damage. Thus, not only was there evidence of damage, but the circumstances surrounding how the damage occurred were sufficient for a jury to find that Fairwell knew she had struck and caused damage to an unattended vehicle.[10] The evidence was sufficient to support the conviction for failure to stop upon striking an unattended vehicle.[11]

(c) *Failure to stop at or return to the scene of an accident.* Count 6 of the indictment charged Fairwell with colliding with a vehicle and failing to notify the operator or owner of the vehicle of her (Fairwell's) name and address. Fairwell also contends there was no evidence she knew she struck an occupied vehicle.

The result reached in Division 1 (b)[12] applies here, based on the facts of this case. A photograph of the damage to the attended vehicle was introduced at trial. It showed extensive scratches and paint damage. Thus, not only was there damage, but the circumstances surrounding how the damage occurred were sufficient for a jury to find Fairwell knew she had struck and caused damage to an attended vehicle.[13] The evidence was sufficient to support the conviction for failure to stop at or return to the scene of an accident.[14]

2. Fairwell claims the trial court violated her due process rights by instructing the jury that several of the crimes could be committed

---

[8] Id. at 593.

[9] Id. at 594.

[10] *Miller v. State*, 275 Ga. 32, 33-34 (1) (561 SE2d 810) (2002), citing *Parrott v. State*, 188 Ga. App. 564, 566 (373 SE2d 828) (1988) (guilty knowledge may be inferred from circumstances which would excite suspicion in the mind of an ordinarily prudent man).

[11] See *Crutcher v. State*, 267 Ga. App. 410, 411-412 (1) (599 SE2d 353) (2004).

[12] Supra.

[13] *Miller*, supra.

[14] See *Burden*, supra.

in manners other than as specified in the indictment.

OCGA § 17-8-5 (a), enacted effective July 1, 2007, controls the preservation of objections to jury charges.[15] Under this statute, a criminal defendant is required to "inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate."[16] Subsection (b) precludes appellate review where there is a "[f]ailure to object in accordance with subsection (a)," but this subsection also provides for review for "plain error which affects substantial rights."[17]

The trial of this case occurred in November 2008. Because Fairwell was tried after the effective date of the 2007 enactment of OCGA § 17-8-58 and did not object to the charges on the grounds which she now asserts, she has waived her right to urge error on appeal.[18] Nevertheless, Fairwell's claims will be reviewed for "plain error."[19]

> A criminal defendant's right to due process may be endangered when . . . an indictment charges the defendant with committing a crime in a specific manner and the trial court's jury instruction defines the crime as an act which may be committed in a manner other than the manner alleged in the indictment. The giving of a jury instruction which deviates from the indictment violates due process where there is evidence to support a conviction on the unalleged manner of committing the crime and the jury is not instructed to limit its consideration to the manner specified in the indictment.[20]

It is error to give a charge stating that an offense may be committed in more than one manner when (1) only one manner is alleged in the indictment, and (2) facts in evidence raise a reasonable probability that the jury may have convicted the defendant of committing the offense in a manner not charged in the indictment.[21]

(a) *Obstruction of an officer, Count 2.* Fairwell contends the trial court erred by instructing the jury that "[a] person commits the offense of obstruction of an officer when that person knowingly and willfully resists, obstructs, or opposes any law enforcement officer in

---

[15] *Metz v. State*, 284 Ga. 614, 619 (5) (669 SE2d 121) (2008).

[16] Id. at 619-620 (5); OCGA § 17-8-58 (a).

[17] Id. at 620 (5); OCGA § 17-8-58 (b).

[18] *Collier v. State*, 288 Ga. 756, 758-759 (4) (707 SE2d 102) (2011).

[19] Id.

[20] *Martin v. State*, 303 Ga. App. 117, 120 (3) (692 SE2d 741) (2010) (citation omitted).

[21] *Elrod v. State*, 238 Ga. App. 80, 83 (2) (517 SE2d 805) (1999).

the lawful discharge of his official duties . . ." when Count 2 of the indictment specifically charged, in pertinent part, that she did "knowingly and willfully *obstruct* . . . , a law enforcement officer," by striking the officer with a motor vehicle.[22] Fairwell claims that the court's charge created a reasonable possibility the jury would convict her of a crime committed in a manner not charged in the indictment. We disagree.

Fairwell is correct that although the trial court instructed the jury the pattern charge which applies when a person knowingly and wilfully resists, obstructs, or opposes a law enforcement officer, the indictment only alleged that Fairwell knowingly and wilfully obstructed the officer. But Fairwell's contention that the words "resist," "oppose," and "obstruct" have different meanings under the felony obstruction statute, OCGA § 16-10-24 (b), as evidenced by the legislature's use of the word "or" instead of "and" in listing them in the statute, has no merit. In fact, these words, "obstruct, resist, or oppose," all imply "forcible resistance" in regard to obstructing a police officer.[23] Moreover, OCGA § 16-10-24 (b) requires, among other things, the commission of the offense by either offering to do violence or "doing violence to the person of such officer," and the jury was instructed on the latter.[24]

We conclude that Fairwell's contention that the jury could have convicted her for "resisting" by failing to stop, or for "opposing" by driving away lacks merit because, unlike the act alleged in the indictment (striking the officer with a motor vehicle), the acts of failing to stop and driving away, in and of themselves, were not violent acts under the facts of this case,[25] as required under the statute.[26] The state did not introduce evidence that Fairwell did violence to the officer on the date in question other than by striking the officer with a motor vehicle and, as such, no due process violation

---

[22] (Emphasis supplied.)

[23] *Harrison v. State*, 26 Ga. App. 645, 646 (107 SE 90) (1921); *Skop v. City of Atlanta*, 485 F3d 1130, 1138 (1) (11th Cir. 2007) (citing *Woodward v. Gray*, 241 Ga. App. 847 (527 SE2d 595) (2000), overruled on other grounds by *Stryker v. State*, 297 Ga. App. 493, 495 (677 SE2d 680) (2009)).

[24] OCGA § 16-10-24 (b) provides, in pertinent part: "Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer . . . is guilty of a felony. . . ."

[25] Compare *Priester v. State*, 249 Ga. App. 594, 596 (1) (549 SE2d 429) (2001) (felony obstruction of an officer conviction affirmed where defendant rapidly accelerated his car while the officer was leaning into it and indictment charged that defendant obstructed the officer when he offered "to do violence" to the officer "by refusing to stop his vehicle and accelerating the vehicle forward while said officer was leaning into said vehicle to effectuate a lawful arrest.").

[26] OCGA § 16-10-24 (b).

occurred because there was no reasonable probability that the jury convicted Fairwell for obstructing the police officer in a manner not specified in the indictment.[27]

Furthermore, because no reversible error occurred with respect to the jury instruction on obstruction of an officer, Fairwell cannot succeed on her related claim that trial counsel rendered ineffective assistance in failing to object to that instruction.[28]

(b) *Fleeing or attempting to elude a police officer, Count 3.* Fairwell contends the trial court violated her due process rights by charging the jury that it could find that she committed the offense of fleeing or attempting to elude a police officer by failing to stop when given a visual or audible signal to stop, where the indictment alleged that she failed to stop upon being given (only) a visual signal to stop, and the evidence showed both visual and audible signals. We disagree.

The indictment charged that Fairwell did, "while fleeing a pursuing police officer, after being given a visual signal to bring the vehicle to a stop, in an attempt to escape arrest for Aggravated Assault, strike another vehicle. . . ."

As indicted, the offense was completed when Fairwell struck another vehicle. During the period of time relevant to this count — namely, between striking the officer (the alleged aggravated assault) and striking the vehicle(s) — there was no evidence that Fairwell was given an audible signal to stop. Rather, the evidence showed that the officer gave a visual signal, using her hands to get Fairwell to stop by placing her hand on the hood of Fairwell's car and reaching inside the car to grab the steering wheel. These were "clear signal[s]"[29] to stop, as a "reasonable person would be compelled to conclude that he or she was not free to drive away and to leave."[30]

Because there was no evidence of an audible signal, no due process violation occurred because no reasonable probability exists that Fairwell committed the offense in a manner not specified in the indictment.[31]

Furthermore, because no reversible error occurred with respect to the jury instruction on fleeing or attempting to elude a police

---

[27] See *Martin*, supra at 120-121 (3).

[28] *Collier*, supra at 759 (4).

[29] *Bradford v. State*, 287 Ga. App. 50, 52 (1) (651 SE2d 356) (2007) (to commit the offense of fleeing or attempting to elude a police officer, it is necessary that "some clear signal" be given that the driver is to stop).

[30] *Smith v. State*, 288 Ga. App. 87, 88 (653 SE2d 510) (2007) (explaining that when faced with a situation where an officer physically restrains an individual by opening his or her car door, "a reasonable person would be compelled to conclude that he or she was not free to drive away and to leave").

[31] See *Martin*, supra at 120-121 (3).

officer, Fairwell cannot succeed on her related claim that trial counsel rendered ineffective assistance in failing to object to that instruction.[32]

(c) *Failure to stop upon striking an unattended vehicle, Count 5.* Fairwell claims the trial court improperly instructed the jury that a violation of OCGA § 40-6-271 (a) occurs when an individual fails to "immediately" stop, in light of the fact that the indictment did not allege that Fairwell failed to "immediately" stop and evidence showed that she stopped later. We are not convinced.

While it is true that the trial court charged the jury that a violation of OCGA § 40-6-271 (a) is committed when an individual fails to immediately stop and the indictment did not allege that Fairwell failed to immediately stop, "[t]he trial judge must charge the jury on each crime specified in the indictment or accusation, unless the evidence does not warrant a conviction of such crime. . . ."[33] OCGA § 40-6-271 (a) does not provide any method of violating the statute (regarding the duty to stop), other than by a failure to stop immediately.[34] The evidence showed that after striking the unattended vehicle, Fairwell failed to immediately stop. Consequently, the trial court's charge to the jury that the offense is committed by failing to "immediately" stop was not erroneous because it is only in this manner that the statute is violated, regarding the duty to stop.[35]

Furthermore, because no reversible error occurred with respect to the jury instruction on failure to stop upon striking an unattended vehicle, Fairwell cannot succeed on her related claim that trial counsel rendered ineffective assistance in failing to object to that instruction.[36]

(d) *Failure to stop at or return to the scene of an accident, Count 6.* Fairwell claims the trial court erred by instructing the jury that a

---

[32] *Collier*, supra at 759 (4).

[33] *Essuon v. State*, 286 Ga. App. 869, 872 (2) (650 SE2d 409) (2007), citing *Gardner v. State*, 185 Ga. App. 184 (363 SE2d 843) (1987).

[34] OCGA § 40-6-271 (a) provides:
  The driver of any vehicle which collides with any vehicle which is unattended shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle of the name and address of the driver and owner of the vehicle striking the unattended vehicle or shall leave in a conspicuous place on the vehicle struck a written notice giving the name and address of the driver and the owner of the vehicle doing the striking.

[35] *Martin*, supra at 120 (3). Compare *Castillo v. State*, 263 Ga. App. 772, 774 (2) (589 SE2d 325) (2003) (no reversible error to instruct jury on trafficking in 28 grams or more of cocaine when indictment charged trafficking in a greater amount because an accused "can commit the crime of trafficking in only one way, by being involved with more than 28 grams of cocaine") (punctuation omitted).

[36] *Collier*, supra.

violation of OCGA § 40-6-270 (a) is committed when a collision occurs resulting in damage to a vehicle driven or attended by a person, in light of the fact that the indictment did not allege the stricken vehicle was damaged. Again, we are not convinced.

While it is true that the trial court charged the jury that a violation of OCGA § 40-6-270 (a) is committed when a collision resulting in damage to a vehicle occurred and the indictment only alleged that the vehicle was struck, "[t]he trial judge must charge the jury on each crime specified in the indictment or accusation, unless the evidence does not warrant a conviction of such crime. . . ."[37] OCGA § 40-6-270 (a) does not provide any method of violating the statute (in regard to damage), other than by damage to the stricken vehicle.[38] The evidence showed that after Fairwell's vehicle struck the attended vehicle, as alleged in the indictment, damage resulted. Consequently, the trial court's charge to the jury that the offense is committed when damage to a vehicle results is not erroneous because it is only in this manner that the statute is violated, in regard to damage.[39]

Furthermore, because no reversible error occurred with respect to the jury instruction on failure to stop at or return to the scene of an accident, Fairwell cannot succeed on her related claim that trial counsel rendered ineffective assistance in failing to object to that instruction.[40]

3. Fairwell claims the indictment was fatally defective because it failed to charge all the essential elements of failure to stop upon striking an unattended vehicle, failure to stop at or return to the scene of an accident, and fleeing or attempting to elude a police officer, thereby making it "impossible to ensure that the grand jury found probable cause to indict."

A claim attacking the legality of an indictment is cognizable in a motion in arrest of judgment or habeas corpus when no demurrer to the indictment is interposed before judgment is entered on the verdict.[41] Otherwise, the claim is improperly before this

---

[37] *Essuon*, supra.

[38] OCGA § 40-6-270 (a) provides, in part: "The driver of any vehicle involved in an accident resulting in injury to or the death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or shall stop as close thereto as possible and forthwith return to the scene of the accident. . . ."

[39] *Martin*, supra.

[40] *Collier*, supra.

[41] *Jackson v. State*, 284 Ga. App. 619, 621 (2) (644 SE2d 491) (2007) (defendant's claim that indictment charging him with eluding police was fatally defective because it did not charge that he was attempting to elude a "pursuing" police officer was not properly before this court because it was not raised before or during trial, nor after conviction in the form of a motion in arrest of judgment or habeas corpus); *Seymour v. State*, 210 Ga. 21 (77 SE2d 519) (1953); *Abreu*

court.[42] Because Fairwell failed to object to the indictment in any manner before judgment and did not move to arrest the judgment after her conviction, this claim was not properly raised in the lower court and is thus not properly before this court.[43] Nor has Fairwell claimed her trial counsel's performance, as it relates to this claim of error, was compromised such that counsel was ineffective.[44]

4. Fairwell contends she was improperly convicted of fleeing or attempting to elude a police officer because: (a) there was a variance between the indictment and the evidence at trial and (b) the jury's verdict was inconsistent.

(a) Fairwell contends that the facts show, if anything, that she was attempting to escape from being charged with an expired tag and not aggravated assault. Because we dealt with this issue in Division 1 (a),[45] where we found the evidence was sufficient, we need not address it again here.

(b) Fairwell contends the jury's verdicts of guilty for reckless conduct and fleeing or attempting to elude a police officer were inconsistent. This claim lacks merit because the inconsistent verdict rule in criminal cases has long been abolished in this state.[46]

We note that the fleeing or attempting to elude statute requires only that Fairwell was attempting to escape an *arrest*, not that Fairwell was convicted of a crime.[47]

> We interpret a statute to give effect to the legislative intent; "(i)n all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy.' "[48] To determine the legislative intent of a statute, we begin with the literal text; where the literal text of a statute is plain and does not lead to absurd or impracticable consequences, we apply the statute as written without

---

*v. State*, 206 Ga. App. 361, 363 (2) (425 SE2d 331) (1992) (if the indictments were void for any reason, the question should have been raised by demurrer before pleading to the merits, or by motion in arrest of judgment after conviction).

[42] *Jackson v. State*, supra.

[43] *Abreu*, supra at 363 (2).

[44] *Harris v. State*, 258 Ga. App. 669, 671 (1) (574 SE2d 871) (2002) (a motion for new trial is ordinarily not the proper method to attack the sufficiency of the indictment; but, this court has made an exception when the motion for new trial raises the ground of ineffective assistance of counsel).

[45] Supra.

[46] *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

[47] OCGA § 40-6-395 (b) (5) (A).

[48] OCGA § 1-3-1 (a).

further inquiry. The language of a statute is given its most natural and obvious import, without resorting to forced or subtle interpretations to either expand or limit the statute's operation. We interpret a statute to give effect to the real legislative intent and meaning, however, and not so strictly as to defeat the legislative purpose.[49]

Fairwell has failed to present any authority that it is necessary for the state to prove the underlying offense that caused the officers to pursue her.[50]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED OCTOBER 4, 2011 — ▮▮▮▮▮▮▮▮

*Zell & Zell, Rodney S. Zell*, for appellant.

*Robert D. James, Jr., District Attorney, Deborah D. Wellborn, Assistant District Attorney*, for appellee.

---

[49] *Spivey v. State*, 274 Ga. App. 834, 835 (1) (619 SE2d 346) (2005) (citations omitted).

[50] See *Whaley v. State*, 175 Ga. App. 493, 494 (333 SE2d 691) (1985) (affirming conviction for obstruction of an officer, holding, inter alia, "It is not necessary for the State to prove the underlying offense that causes the officers to act; it is only necessary to prove the elements of the obstruction statute, i.e., that the act constituting obstruction was knowing and wilful, and that the officer was lawfully discharging his official duties.").