## A11A1713. THOMAS v. THE STATE.
(723 SE2d 5)

MCFADDEN, Judge.

After a jury trial, Tristan Thomas was convicted of seven counts of armed robbery, six counts of kidnapping and three counts of possession of a firearm during the commission of a felony. He appeals, challenging the sufficiency of the evidence as to the asportation element of the kidnapping counts, the sufficiency of the indictment as to the armed robbery counts, the trial court's failure to remove three jurors for cause, the admission of victim impact evidence and the effectiveness of his trial counsel in failing to object to that evidence. We find no merit in any of those arguments and therefore affirm.

"On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence." (Citations and punctuation omitted.) *Robinson v. State*, 297 Ga. App. 43 (676 SE2d 770) (2009). So construed, the evidence shows that in May and June 2006, appellant Tristan Thomas and Nicholas Guadalupe committed a series of robberies at businesses in Gwinnett County. Armed with a handgun, the pair entered the businesses, forced employees or customers in the businesses to the back of the respective stores, bound them with restraints, and stole money and other items from the victims and stores. Guadalupe pled guilty to the charges arising from the incidents and testified at Thomas' trial. Among other things, he identified Thomas as the gunman during each of the armed robberies.

1. Thomas contends that there is insufficient evidence of asportation to support the six kidnapping convictions. Citing *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008), he argues that the movement of the victims was minimal and merely incidental to the armed robberies. However, under *Garza*,

> even when the movement is of minimal duration and occurs before or during the commission of other offenses, asportation has been satisfied where the movement is not an inherent part of any other offense, and the movement creates an additional danger to the victims by enhancing the control of the perpetrators.

(Citation and punctuation omitted.) *Onumah v. State*, 313 Ga. App. 269, 270 (2) (721 SE2d 115) (2011).

The evidence in this case shows that on May 6, 2006, Thomas and Guadalupe entered a Metro PCS store wearing masks. The two men forced store employees Tarsha Grousee and Kimberly Burdette

to move, at gunpoint, to an office in the back of the store and eventually into a bathroom, where they were left with their hands bound by plastic zip ties. Approximately a week later, Thomas and Guadalupe committed similar offenses at E-Warfare, a computer gaming store. They entered the store wearing masks and, using a gun, forced employees Jason Figueroa and Chris Cutchins, and customer Devon McLeod, to move to the back of the store. The three victims were eventually moved into a bathroom, where they were left with their hands and feet bound by plastic zip ties. Some three weeks later, Thomas and Guadalupe entered an Advance Auto Parts store and forced employee Steven Smitherman to lock the front doors and then move to the back of the store, where his arms were tied behind his back with zip ties.

Contrary to Thomas' claim, the movement of the six victims was not merely an inherent part of the robberies committed at the stores because "their movement to the [backs of the stores] was not necessary to effect the completion of the . . . armed robber[ies]." *Patterson v. State*, 312 Ga. App. 793, 795 (1) (720 SE2d 278) (2011). Rather, the movement of the victims away from the storefronts, the use of zip ties to restrain the victims, and in two of the instances, the "herding [of] multiple victims into the small and confined bath-room[s,] made it easier for their [assailants] to control them — thus making the situation more dangerous for them." (Citation omitted.) *Thomas v. State*, 289 Ga. 877, 880 (2) (717 SE2d 187) (2011). Accordingly, the evidence was sufficient to establish the asportation element of the kidnapping convictions. See id.; *Patterson*, supra; *Onumah*, supra.

2. Thomas claims that the trial court erred in denying his motion for a new trial on three of the armed robbery counts of the indictment because those counts did not allege that the property taken from the victims was the property of another, and thus the indictment failed to set out the offense of armed robbery. However, "a motion for new trial is ordinarily not the proper method to attack the sufficiency of the indictment." (Citations omitted.) *Harris v. State*, 258 Ga. App. 669, 671 (1) (574 SE2d 871) (2002). Instead, "[a] claim attacking the legality of an indictment is cognizable in a motion in arrest of judgment or habeas corpus when no demurrer to the indictment is interposed before judgment is entered on the verdict. Otherwise, the claim is improperly before this court." (Citations omitted.) *Fairwell v. State*, 311 Ga. App. 834, 842-843 (3) (717 SE2d 332) (2011). Thomas has not indicated or cited to any part of the record showing that he objected to the indictment in any manner before judgment or that he moved to arrest the judgment after conviction. Rather, this challenge to the indictment was raised for the first time in an amendment to the motion for new trial filed

more than a year after the trial court had entered judgment. Thus, it appears that this claim was not properly raised in the lower court and is not properly before us. See id.

> Moreover, to the extent that the . . . amended motion can be deemed the equivalent of a motion in arrest of judgment, a post-trial means by which a defendant may challenge an indictment as one would do in a general demurrer, we cannot address the merits of it because it was not timely filed. A motion in arrest of judgment must be filed within the term of court in which the judgment was rendered. OCGA § 17-9-61 (b).

(Citation and punctuation omitted.) *Thompson v. State*, 286 Ga. 889, 890 (2) (692 SE2d 379) (2010), overruled in part on other grounds, *State v. Kelly*, 290 Ga. 29, 31-32 (1) (718 SE2d 232) (2011). Here, however, the motion was untimely because it was filed several terms of court after the term in which judgment had been rendered. OCGA § 15-6-3 (20) (Gwinnett County Superior Court terms begin on the first Monday in March, June and December, and the second Monday in September).

Even if the claim were properly before us, it is without merit. Although the three challenged counts of the indictment do not use the word "another," they clearly allege that the property taken from the immediate presence of the victims by use of a handgun was the property of the respective businesses where the robberies occurred. "[R]obbery is a crime against possession, and is not affected by concepts of ownership. Thus, it does not matter exactly whose property was taken so long as it was taken from a person or the immediate presence of another." (Citations and punctuation omitted.) *Ward v. State*, 304 Ga. App. 517, 522 (1) (a) (696 SE2d 471) (2010). Accordingly, we find no error.

3. Thomas argues that the trial court erred in failing to strike for cause potential juror Muhammed Rizwan due to a language barrier, and potential jurors Amanda Puckett and Paul Whitehouse because they indicated that they thought the defendant had to prove his innocence. As to potential juror Rizwan, the argument is misplaced because the record reveals that the trial court did in fact strike him for cause.

With regard to jurors Puckett and Whitehouse, it is true that they initially indicated that they believed the defendant had to prove his innocence. But upon further questioning, both stated that they would follow the judge's instructions that the defendant does not have to prove his innocence and that the burden of proof is on the state. Both Puckett and Whitehouse also testified that they would be

fair and impartial jurors.

> Whether to strike a juror for cause lies within the sound discretion of the trial court. Before a juror is excused for cause, it must be shown that he or she holds an opinion of the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence.

(Citations omitted.) *Somchith v. State*, 272 Ga. 261, 262 (2) (527 SE2d 546) (2000). "An appellate court should not substitute its own finding for that of the trial court, since it must pay deference to the trial court's determination. This deference encompasses the trial court's resolution of any equivocations and conflicts in the prospective jurors' responses on voir dire." (Citations omitted.) *Greene v. State*, 268 Ga. 47, 49 (485 SE2d 741) (1997). In the instant case, the prospective jurors' responses did not show that their opinions were so fixed that they could not decide the case based on the evidence and the court's charge. "Though [their] responses were admittedly equivocal regarding the burden of proof, we cannot find that the trial court abused its discretion in finding [the prospective jurors] qualified. [Cit.]" *Thorpe v. State*, 285 Ga. 604, 607 (3) (b) (678 SE2d 913) (2009).

4. Thomas waived appellate consideration of his claim that testimony from two victims constituted impermissible victim impact evidence because he failed to object to the testimony at trial. See *Colon v. State*, 275 Ga. App. 73, 75 (2) (619 SE2d 773) (2005).

5. Thomas complains that his trial counsel was ineffective in failing to object to the two victims' improper victim impact testimony. To establish ineffective assistance of counsel, Thomas must show both that his counsel's performance was deficient and that the defense was prejudiced to the extent that, but for that deficient performance, a reasonable probability exists that the outcome of the trial would have been different. *Lacey v. State*, 288 Ga. 341, 343 (4) (703 SE2d 617) (2010). Pretermitting whether counsel's performance was deficient, Thomas cannot show prejudice.

Thomas contends trial counsel should have objected when Kyle Puttkammer testified that it has been difficult for him to move on from having been confronted by a masked gunman. However, Thomas was charged with four offenses for which Puttkammer was the alleged victim, and the jury found him not guilty of all four offenses. Thus, Thomas clearly was not prejudiced by the lack of an objection to Puttkammer's testimony.

Thomas also claims that his attorney deficiently failed to object

when a former employee of Advance Auto Parts testified that he no longer worked there because what had happened was traumatic. But given the overwhelming evidence of Thomas' guilt, including the testimony of his accomplice and other victims, "we cannot conclude that the victim's testimony as to [no longer working at the store] contributed to the jury's verdict." *Taylor v. State*, 264 Ga. App. 665, 670 (5) (592 SE2d 148) (2003). Since he was not prejudiced, Thomas has failed to establish ineffective assistance of counsel.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JANUARY 26, 2012 —
RECONSIDERATION DENIED FEBRUARY 16, 2012 —

*Edwin J. Wilson*, for appellant.
*Daniel J. Porter, District Attorney, Jimmie E. Baggett, Jr., Assistant District Attorney*, for appellee.