**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 18, 2013**

# In the Court of Appeals of Georgia

A13A1385. COOKS v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Antonio Cooks was convicted of robbery. He appeals, claiming, among other things, that the trial court erred in overruling his general demurrer to the robbery indictment. Because the indictment is defective in that it does not allege the essential element of robbery that Cooks took the "property of another," and he could admit all the allegations in the indictment and not be guilty of a crime, we reverse.

1. *General demurrer.*

The one-count indictment charged Cooks with robbery in that he "did, with the intent to commit theft, take lawful U. S. Currency, from the immediate presence of Tom Pool, by use of force, contrary to the laws of [this] State, the good order, peace

and dignity thereof." Cooks filed a general demurrer to the indictment, asserting that it failed to charge him with a crime and he could thus admit to the allegations and not be guilty of a crime because there was no allegation that he had taken the property of another. The trial court overruled the general demurrer, finding that it was untimely because it was filed after the parties had given opening statements and that the indictment was sufficient because it gave Cooks notice of the offense alleged.

As the state concedes in its appellate brief, the trial court erred in finding that the general demurrer was untimely because "a general demurrer, in which a defendant contends that the charging instrument fails altogether to charge him with a crime, may be raised at any time before the trial court." *Bryant v. State*, 320 Ga. App. 838, 841 (3) (740 SE2d 772) (2013) (citation omitted). See also *Kain v. State*, 287 Ga. App. 45, 48 (2) (650 SE2d 749) (2007) (general demurrer brought by defense counsel at trial was timely); *Ross v. State*, 235 Ga. App. 7, 8 (508 SE2d 424) (1998) (general demurrer brought at close of evidence was timely). Thus, Cooks' filing of the general demurrer after opening statements was timely.

"A general demurrer challenges the sufficiency of the substance of an indictment. The true test of the sufficiency of an indictment to withstand a general demurrer is found in the answer to the question: Can the defendant admit the charge

2

as made and still be innocent? If he can, the indictment is fatally defective." *Brown v. State*, 322 Ga. App. 446, 453 (3) (745 SE2d 699) (2013) (citation omitted). In that regard,

> a criminal indictment which does not recite language from the Code must allege every essential element of the crime charged. Furthermore, each count set forth in an indictment must be wholly complete within itself, and plainly, fully, and distinctly set out the crime charged in that count. Unless every essential element of a crime is stated in an indictment, it is impossible to ensure that the grand jury found probable cause to indict. Consequently, there can be no conviction for the commission of a crime an essential element of which is not charged in the indictment. If an accused individual can admit to all of the allegations in an indictment and still be not guilty of a crime, then the indictment generally is insufficient and must be declared void.

*Smith v. Hardrick*, 266 Ga. 54, 54-55 (1) (464 SE2d 198) (1995) (citations and punctuation omitted). See also *Borders v. State*, 270 Ga. 804, 806 (1) (514 SE2d 14) (1999) (indictment void if it fails to charge a necessary element of the crime).

OCGA § 16-8-40 (a) (1) provides that "[a] person commits the offense of robbery when, with intent to commit theft, he *takes property of another* from the person or the immediate presence of another . . . [b]y use of force[.]" (Emphasis supplied.) The term "property of another" is defined as "property in which any person other than the accused has an interest but does not include the property belonging to the spouse of an accused or to them jointly." OCGA § 16-8-1 (3). "Consequently, in

3

[a robbery by force] case, the State must allege and prove that the defendant took property of a person or persons other than the accused." *Collis v. State*, 252 Ga. App. 659, 662 (2) (556 SE2d 221) (2001) (involving armed robbery, which also includes "property of another" element).

In this case, the front page of the indictment noted the general robbery code section. However, it did not cite the specific robbery-by-force subsection, and the substantive body of the indictment did not cite any code section. Regardless, "an indictment's description of the offense charged prevails over any [c]ode section cited." *Henry v. State*, 317 Ga. App. 776, 780 (2) n. 8 (732 SE2d 836) (2012) (citation and punctuation omitted). See also *Morris v. State*, 310 Ga. App. 126, 131 (3) (712 SE2d 130) (2011) (description of the crime in the indictment, rather than the code section under which it appears, furnishes the criterion for determining whether the indictment is good). Although the description of the crime charged in the instant indictment tracked much of the language of the robbery-by-force code section, it failed to allege the necessary element that Cooks had "take[n] property of another."

This case is materially different from those in which we have upheld robbery indictments against claims that they did not include the essential "property of another" element. For instance, in *Collis*, supra, the indictment charged the

4

defendants with taking "a United Parcel Service vehicle from the immediate presence of Robby Hales." Id. That language "constituted an allegation that the vehicle belonged to UPS and sufficiently put the defendants on notice that the property taken was that of another." And in *Thomas v. State*, 314 Ga. App. 124, 126 (2) (723 SE2d 5) (2012), the challenged counts of the indictment clearly alleged that the property taken from the victims "was the property of the respective businesses where the robberies occurred." Both of those cases turned on the proposition that robbery is a crime against possession and is not affected by concepts of ownership, so it does not matter exactly whose property was taken. *Thomas*, supra; *Collis*, supra. Thus, in those cases, even though the victims from whose presence the property was taken were not the owners of the property in question, the indictments were not defective because they properly alleged that the property taken was that of another.

But unlike the indictments in *Collis* and *Thomas*, the indictment here contains no such language constituting an allegation that the property in question was that of another, i.e., that it was property in which some person other than Cooks had an interest. Accordingly, Cooks could admit all the allegations of the indictment and still not be guilty of the robbery charged since there would be no admission that he took the property of another. Likewise, he would not be guilty of a lesser crime of theft by

5

taking, which also includes the essential element that the accused has taken the "property of another." OCGA § 16-8-2. Compare generally *State v. Wilson*, 318 Ga. App. 88, 94-95 (1) (c) (i) (732 SE2d 330) (2012) (indictment purportedly charging aggravated assault on a peace officer was sufficient to withstand general demurrer because it alleged facts constituting lesser included offense of aggravated assault). And despite the allegation of use of force, Cooks could admit to the allegations in the indictment and still not be guilty of simple battery or assault as those crimes require various essential elements that clearly are not included in the indictment here. See OCGA §§ 16-5-20, 16-5-23.

Because the indictment in this case fails to allege the necessary element that Cooks took the property of another, and he could thus admit the facts alleged and not be guilty of a crime, we are constrained to find that the indictment is void, that the trial court erred in overruling the general demurrer and that such ruling must be reversed. See *Stinson v. State*, 279 Ga. 177, 179 (2) (611 SE2d 52) (2005) (if accused can admit to the allegations and still not be guilty of a crime, the indictment is insufficient and the conviction void); *Spence v. State*, 263 Ga. App. 25, 28 (587 SE2d 183) (2003) (reversing trial court's overruling of general demurrer where accusation

6

did not contain all essential elements of offense charged). In doing so, we reiterate that

> we strongly encourage the State to make every reasonable effort to avoid the problems at issue here by ensuring that each count of every indictment meets some or, preferably, all of the following criteria: includes all of the essential elements of the crime sought to be charged, especially the applicable mens rea; cites to a specific criminal statute and, when appropriate, the relevant subsection; tracks the language of a specific criminal statute; avoids surplus language; and accurately provides names, dates, and other facts, especially when they are material to the charged crime.

*Wilson*, supra at 98 (3) (citations omitted).

2. *Remaining enumerations*.

Because of our holding in Division 1, we do not reach Cooks' remaining enumerations of error.

*Judgment reversed. Doyle, P. J., concurs. Boggs, J., concurs in the judgment only.*